GEORGE H. WALKER, *Appellee and Complainant,*

*vs.*

CLARK SHEPARDSON, *Appellant and Defendant.*

APPEAL IN EQUITY FROM THE MILWAUKEE CIRCUIT COURT.

When a bill in equity sets forth acts of the defendant creating a public nuisance, by placing obstructions in a stream navigable in fact, for which he might be indicted, if those acts also create or cause a private and special injury to the plaintiff, and it appears that the defendant persists in the commission of those acts, which must inevitably result in especial injury to the plaintiff, the court will interpose by injunction to prevent the threatened injury.

Placing obstructions in the bed of the Milwaukee river (navigable in fact), in front of the complainant's lot and dock, thereby blocking up and obstructing the channel of the stream, shows special damage to the plaintiff, distinct from the public injury, and also indicates the manner in which the injury to the plaintiff will be accomplished.

In June, 1853, the complainant files his bill in the Circuit Court of Milwaukee county, setting forth that he is now, and has been for more than six years last past, the owner in fee simple, and in possession of certain real estate known as water lots, situated in the city and county of Milwaukee, and described as lots two, three, four, five, six, seven, eight, nine, ten and eleven, in block three, in Walker's Point of the city of Milwaukee. That said lots are bounded on the north and east, towards, and lie adjacent to, Milwaukee river, which said river, from its mouth up to, and for a great distance above said lots of complainant, has always been, and still is, a common and public highway, navigable for sail and steam vessels of the class usually employed in trade and navigation upon the waters of Lake Michigan, into which the waters of said river flow ; and the complainant further says, that in or about the year 1848, he built and constructed a wharf

or dock at an expense of several thousand dollars, along the line between said lots and the river, and caused the bed and channel of said river, in front of, and adjacent to, said lots, to be dredged and cleaned out, and made of sufficient depth to render said dock freely and conveniently accessible to all vessels, propellers, steamers and other craft, of the largest class employed in the navigation of the said river.

And the complainant alleges further, that he is entitled to the free and undisturbed use and enjoyment of the channel of the said river, for the ingress and egress of vessels and commerce to and from said dock and wharf, and to have said channel and every part thereof kept entirely free and clear of all artificial obstructions and erections therein, that shall or may, in any wise, unlawfully interfere with, hinder, interrupt, or prevent such free and undisturbed use or enjoyment thereof for the purposes aforesaid.

And the bill further sets forth, that on the fifth day of May, 1853, the mayor and common council of the city of Milwaukee, being thereunto lawfully authorized by an ordinance of said city, passed and established a dock or wharf line for the western side of said river, (giving a description thereof,) and that the said dock line so established, extends from the north extremity of the complainant's dock, from a point in the line dividing the fourth and fifth wards, on a direct line with the complainant's said dock, to a point at or near the junction of the waters of Milwaukee river with the waters of the Menomonee river, a tributary to said Milwaukee river, a distance of about two hundred feet; and that said line nowhere touches the bank of the said Milwaukee river above low water mark.

Z

Dɛc. Tɛʀᴍ
1853.

Walker
*vs.*
Shepard-
son.

The complainant further states that Clark Shepardson and others, in disregard of the complainant's right, and the right of all other citizens of the State of Wisconsin, to the free and uninterrupted use and enjoyment of the said Milwaukee river as a common and public highway for the purposes of navigation, and in defiance of the said ordinance of the city of Milwaukee, are, and have been for the space of more than three weeks last past, engaged and employed in wrongfully and unlawfully blocking up and obstructing the channel of said Milwaukee river, in front of the complainant's said lots, by driving timber or piles into the bed of said river, and by filling up and stopping said river by logs, timbers, spars, gravel, &c., thereby hindering and obstructing the flow of the waters of said river in their natural and wonted course, whereby the channel of said river is greatly straitened and obstructed in its capacity for the passage of vessels engaged in the navigation thereof, is diminished and injured, and a large portion of the said channel is rendered wholly impassable and useless for the public.

That the said defendant purposes and intends to construct a wharf in and upon the channel of the river, in front of complainant's said lots ; that the defendant has already wrongfully driven more than one hundred piles into the soil and bed of the river, extending into the channel thereof more than fifty feet beyond the said dock line and below the water mark, adjacent to the said lots, and has, by that means, enclosed, taken possession of, and appropriated to his own exclusive use, for the purpose of constructing a wharf aforesaid, a considerable portion of the bed and navigable channel of said river, extending outside

of and beyond the said dock line, and the line of Dec. Term 1853.
the complainant's wharf, about sixty feet in length
across said river, and about one hundred feet in width; Walker vs. Shepardson.
that the channel of said river is thereby confined and
straitened, to the serious detriment of the public use
and enjoyment thereof, and particularly to the lots
and wharf of the complainant, and that the same is a
common and public nuisance.

That the said constructions and erections greatly
hinder the use and enjoyment of the said dock and
lots of the complainants, and that if the defendant is
allowed to complete and maintain the same, they will
be rendered difficult of access from the river, and
that the ingress and egress of vessels and other water
craft navigating the river, will be seriously obstructed
thereby. That the projection of the said obstruction
erected by the defendant, beyond the legally estab-
lished dock line, and in front of the complainant's
lots, will hinder, cut off, and prevent communication
between said lots of the complainant and the main
channel of the river, and the said lots and dock and
wharf will thereby sustain great and irreparable in-
jury and damages in the premises, by the diminished
use and convenience thereof, and by the reduction
and depreciation of the value thereof; and that he
believes, if completed, the said obstructions will con-
fine the main current of the said river, and divert
the same from the vicinity of the wharf of the com-
plainant, where the same would naturally flow if un-
obstructed, and will create eddies and counter cur-
rents, setting back upon that portion of the river
immediately adjacent to the complainant's wharf, and
will cause that portion of the river to be filled up by
deposits of sand and other materials.

Dec. Term
1853.

Walker
vs.
Shepard-
son.

The bill prays for an injunction; that the same may be perpetual; that the obstructions already erected may be removed; and for general relief.

To this bill a general demurrer was filed, which was overruled by the court below, from which ruling the defendant appealed.

*Lynde & Stark*, for appellee.

1. The court commissioner was authorized to grant an injunction. *R. S. chap.* 131, *sec.* 5; *Sess. Laws of* 1850, *chap.* 53, *sec.* 1.

2. By demurrer, defendant admitted the matters averred in the bill to be true. 1 *Barb. Ch. Pr.* 166; *State of R. I. vs. State of Mass.*, 15 *Peters*, 233.

3. The Milwaukee river is navigable in fact, and a common highway by nature. It was declared to be a common highway, to be forever free, by act of Congress, ordinance of 1787, article 4, and by act of August 6, 1846, (*R. S. p.* 790, *sec.* 3.) Also by article nine of State Constitution, *R. S. p.* 33; see also, *Angell on Water Courses*, 561.

4. The acts of defendant, as charged in the bill, constitute a plain case of purpresture, or public nuisance. Any obstruction to a navigable stream is, upon the most established principles, a public nuisance. *Angell on Watercourses*, 570, 572; *Georgetown vs. Alexandria Con. Co.*, 12 *Peters*, 97; *Hart vs. City of Albany*, 9 *Wendell*, 584, 607; *Bac. Ab. title Nuisance*, *A. p.* 227, 228, or to any part of it. The permanent appropriation and exclusive occupation of any part of a public river, is an obstruction to its free and common use, and indictable as a nuisance. *Hart vs. Mayor &c. of Albany*, 9 *Wend.* 584 *et post.; Respublica vs. Cadwell*, 1 *Dallas*, 150. In *Kean vs. Stetron*, 5

*Pick.* 492, it was considered that the whole of a nav-
igable river, within high water mark on each side,
was public highway. 3 *Kent's Com.* 431, *note; Sto-*
*ver vs. Freeman,* 6 *Mass.* 438 ; *Lansing vs. Smith,* 4
*Wend.* 21. The same principles apply to all public
highways. *Same cases above cited ; Commissioners
&c. vs. Long, Parson's Select Eq. Ca.* 143 ; *Cooper et
al. vs. Com'rs &c. of Detroit, Harrington's Ch. R.* 72 ;
2 *Watts,* 23 ; 19 *Pick.* 147 ; *Warehouse in Boston,* 3
*State Rep.* 202–6. Any obstruction to the river is
prohibited under penalty. *R. S.* 182, 897. The State
has jurisdiction over it. 3 *How. U. S. R.* 212.

5. The jurisdiction of courts of equity to restrain
purpresture and nuisance by injunction, is well estab-
lished. 2 *Story's Eq. Juris.* 921, 2, 3, 4, *and cases
cited and referred to ; Mohawk R. R. Co. vs. U. S. R.
R. Co.,* 6 *Paige,* 563 ; *Eden on Injunctions,* 261,
267 ; *Georgetown vs. Alexandria Con. Co.,* 12 *Peters,*
91 ; *Angell on Watercourses,* 575 ; *Att'y General vs.
Fowles,* 2 *Mylne & Craig,* 129–30, (*in note to Story's
Equity Juris. sec.* 924); *Att'y General vs. Richards,*
2 *Austruther,* 603–6, *cited in Parson's Select Eq. Ca.*
145–6 ; *Att'y General vs. Cohoes Co.,* 6 *Paige,* 133.
This jurisdiction is assumed because of their ability to
give a more complete and perfect remedy, to prevent
irreparable mischief, &c. 2 *Story's Eq. Juris.* § 924.

6. If the thing sought to be prohibited be in itself
apparently a nuisance, and not merely liable to become
so, under possible or probable circumstances or con-
tingencies, the court will interfere by injunction, with-
out waiting trial, and will grant relief. *Earl of Rip-
on vs. Hobart,* 3 *Mylne & Craig,* 169, (reprinted in 8
*Eng. Ch. R.* 331, 469, and cited and approved by
Chancellor Walworth in 6 *Paige,* 563 ;) *Story's Eq.*

Dec. Term
1858.

Walker
vs.
Shepard-
son.

*Juris. sec.* 924, *note;* 9 *How.* 29; *Com'rs vs. Long, Parson's Select Eq. Ca.* 146, *and cases there cited.*

7. Complainant has averred special injury to himself, as owner of property on the river injured by defendant's acts, which are sought to be prohibited. This renders public nuisance private as to him, and entitles him to file a bill for an injunction, and rely in equity, in his own name. The ground of relief is special injury to the complainant. 2 *Story's Eq. Juris. sec.* 924–5 *et seq.; Spencer vs. Birmingham & London R. R. Co.,* 8 *Eng. Ch. R.* 392; *Lampson vs. Smith,* 8 *Sim. Ch. R.* 272, (*in* 8 *Eng. Ch. R.* 435;) *Att'y General vs. Cleaver.* 18 *Vesey,* 211; *Crowder vs. Tinkler,* 19 *id.* 616; *Corning vs. Lowerre,* 6 *John. Ch. R.* 439; *State of Penn. vs. Wheeling Bridge Co.,* 13 *Howard,* 566–7–8; *Com'rs vs. Long, Parson's Select Eq. Ca.* 148; *Angell on Watercourses, sec.* 572; *Eden on Injunctions,* 267–8, *and note* 6.

8. The injury to complainant is irreparable—not adequately to be redressed at law. *Penn. vs. Wheeling Bridge Co.,* 13 *How.* 562; 2 *Story's Eq. Juris. sec.* 926, 788; 2 *Eden on Injunctions,* 271–276; *Buck vs. Stacy,* 2 *Russ.* 121.

*P. Yates,* for the appellants.

1. The complainant does not show himself entitled to the easement or right claimed by him. *Gale & Whatley on Easements,* 313–315; *Olmsted vs. Loomis,* 6 *Barb. S. C. Rep.* 152–165; *Fiske vs. Wilber,* 7 *id.* 395. It was a private basin, which he may lawfully fill up again at his pleasure. 6 *Cowen's Rep.* 539, *in note.* The jurisdiction of chancery is merely to protect the *legal right. Smith vs. Elger,* 2 *Eng.*

*Com. Law and Ch. Rep.* 161. "Disadvantage to the

plaintiff is not the test." *id.*

2. It is not alleged in the bill that the complainant "*has suffered* some *private, direct and material* damage, beyond the public at large, *as well as* damage otherwise irreparable." 9 *Howard's Rep.* 10, 27 ; *Bigelow vs. The Hartford Bridge Co.*, 14 *Conn. Rep.* 580 ; 2 *Story's Eq.*, sec. 925 ; *Lansing vs. Smith*, 8 *Cow. Rep.* 146 ; 4 *Wend.* 9 ; *Drake vs. The Hudson River Railroad Co.*, 7 *Barb. S. C. R.* 508 ; 2 *Story's Eq. sec.* 923.

The rights alleged to be infringed, must be clear, definite and certain ; and if not so appearing in the bill, the defendant *must demur*, or he will lose the costs of the litigation. *Olmsted vs. Loomis*, 6 *Barb. S. C. R.* 165.

3. The bill does not only not allege that he " has suffered some private, direct and material damage, beyond the public at large, as well as damage otherwise irreparable," but it does not state " *how the complainant's property will be injured.*" *Spooner vs. McConnell*, 1 *McLean's Rep.* 360.

"Though a demurrer admits *all allegations*, it admits them *not as facts*, but as allegations, and from which an inference is to be drawn." *Messenger vs. Hammond*, 1 *Eng. Com. Law and Ch. Rep.* 98.

The bill charges an obstruction of public navigation—" a public nuisance"—(of which the public authorities can alone complain, *Seely vs. Bishop*, 19 *Conn. Rep.* 135,) without the least pretence that the plaintiff has suffered the least injury *in fact*, but only the apprehension of an " inconsequential injury," (14 *Conn. Rep.* 580,) or " *contingent future* damages, or *incidental or consequential* injuries of *indefinite* amount,

Dec. Term 1853.

Walker vs. Shepardson.

not capable of estimation," (7 *Barb. S. C. R.* 508,) or "a mere diminution of the value of the property, without irreparable mischief," (2 *Story's Eq. sec.* 925,) "instead of the great, continued and irreparable injury," and producing some "*private, direct* and *material damage, beyond the public at large*," demanded by Justice Woodbury, in 9 *How.* 10. *Del. & Maryland R. R. Co. vs. Stump,* 8 *Gill* 479.

4. "A *strong* case must be presented, and the impending danger must be *imminent and impressive,* to justify the issuing of an injunction." 7 *Barb. S. C. R.* 508 ; *Wingfield vs. Crenshaw,* 4 *Hen. & Murf.* 474.

Lord Eldon held, as late as 16 *Ves.* 216–219, "there is no instance of holding it a nuisance, and therefore enjoining it, *without a trial.*" But in the more recent case of the *Earl of Ripon vs. Hobart,* (3 *Mylne & Keene,* 169, reprinted in 8 *Eng. Ch. Rep.* 331,) Lord Brougham deduced from the prior decisions the following clear and very just rule, applicable to all cases of this character. It is expressed as follows : "If the thing sought to be prohibited is *in itself a nuisance,* the court will interfere to stay *irreparable* mischief, without waiting the result of a trial. But if the thing sought to be restrained is not *unavoidably and in itself noxious,* but only something which may, according to circumstances, prove so, *the court will refuse to interfere until the matter has been tried at law.*" This rule has been adopted by Chancellor Walworth almost *verbatim,* in *Mohawk Bridge Co. vs. The Utica & Schenectady Railroad Co.,* 6 *Paige,* 554, 563 ; 16 *Viner's Ab.* 39, 40.

5. This is "transcendant and extraordinary power, and is therefore to be used sparingly, and *only* in a *plain and clear* case, (9 *How.* 33,) and was never before

attempted to be brought into requisition *without no-* <span style="float:right">Dec. Term 1853.</span>
*tice* to the defendant. 18 *Ves.* 216; 19 *id.* 621; 1
*Chitty's Eq. Dig.,* title *Nuisance;* 1 *McLean's Rep.* <span style="float:right">Walker<br>vs.<br>Shepard-<br>son.</span>
360; and every other case of application for an in-
junction of this character to be found in the books.

As to the *absolute rights* of riparian proprietors,
see 3 *Cushing's Rep.* 91–105. Mode of dividing land
among proprietors situated upon a stream—*Knight
vs. Wilder,* 2 *Cushing's R.* 199. How divided, when
bounded on a cove—*Gray vs. Deluce,* 5 *Cushing,* 10.

The test between rivers *entirely private,* and those
private, subject to the public use, *consists in the fact,*
whether they are susceptible, or not, as a *common
passage for the public,* (*The People vs. Pratt,* 17 *Johns.*
211,) not in high water only, (*Munson vs. Hunger-
ford,* 6 *Barb. S. C. R.* 270,) nor with skiffs, &c., but
generally and commonly, and for some purpose useful
to trade or agriculture. *Rowe vs. Granite,* 21 *Pick.
R.* 344.

The State itself cannot, (much less the city corpo-
ration, which is still further restrained by our Consti-
tution, *art.* xi., *sec.* 2,) *without compensation,* make
waters navigable which are not so by nature. *Canal
Commissioners vs. The People,* 5 *Wend.* 423.

*By the Court,* WHITON, C. J. The bill of com-
plaint sets forth that the complainant is the owner of
certain lots in the city of Milwaukee, lying adjacent
to Milwaukee River; that the river is navigable for
sail and steam vessels of the kind usually employed
in the trade and commerce of the lake, into which
the river flows; that the complainant constructed a
dock, or wharf, along the line between the lots and
river, and caused the bed or channel of the river

DEC. TERM
1858.

Walker
*vs.*
Shepard-
son.

in front of and adjacent to said lots, to be dredged and cleaned out, and made of sufficient depth to render said dock freely accessible to all vessels employed in the navigation of the river; that the mayor and common council of the city of Milwaukee passed an ordinance establishing a dock line on the west side of Milwaukee river; that said dock line extends from the north extremity of the complainant's dock, on a direct line with said dock, to a point at or near the junction of the waters of the Milwaukee river with the waters of the Menomonee river, a distance of about 200 feet, and that the line nowhere touches the banks of said Milwaukee river, above low water mark. The bill charges that the defendant has been employed in wrongfully and unlawfully blocking up and obstructing the channel of said Milwaukee river in front of the complainant's lots, " by driving timbers or piles into the bed of said river, and by filling up and stopping said river with logs, timber, spars, earth, gravel and other materials, thereby hindering and obstructing the flow of the waters of said river in their natural and wonted course, whereby the channel of said river is greatly straitened and obstructed, and its capacity for the passage of vessels engaged in the navigation thereof, is diminished and injured, and a large portion of the channel aforesaid is rendered wholly impassable and useless to the public."

The bill further charges that the defendant intends by means aforesaid, to build and construct a wharf, or dock, in and upon the channel and waters of the said Milwaukee river, in front of the lots of the complainant, and for that purpose has driven a large number of piles into the bed of the river, extending into the channel of the river more than fifty feet beyond the

said dock line, and beyond the low water mark, or line of said river, adjacent to the lots of the complainant ; and by means of the piles so driven, has enclosed and appropriated to his own exclusive use, for the purpose of constructing his dock, or wharf, a considerable portion of the bed and navigable channel of the river, outside and beyond the said dock line, and beyond low water mark ; that the channel of the river is thereby confined and straitened, to the serious hindrance and detriment of the public use and enjoyment thereof, and particularly to the injury of the dock and lots of the complainant ; and that the erections made and proposed and intended, greatly interfere with, hinder and obstruct the use and enjoyment of the said dock and lots. The bill contains other allegations, but it is not necessary to notice them, as they do not materially vary the case as above stated.

To this bill there was a general demurrer interposed, for want of equity. The demurrer was overruled, and from the order overruling it, an appeal was taken.

We think the order of the Circuit Court was correct. We must consider the complainant as the lawful owner of the lots and dock, and that the latter was lawfully built in the place described in the bill. We must consider Milwaukee river as a stream navigable in fact, and hence a public highway, for the passage of boats and vessels, and we must consider that the defendant was, at the time when the bill was filed, engaged in driving piles into the bed of the river in front of the complainant's lots, and thereby blocking up and obstructing the channel of the stream; as these facts are alleged in the bill, and admitted by the demurrer.

Dec. Term
1853.

Walker
vs.
Shepard-
son.

The acts of the defendant, as stated in the bill, show that he was creating a public nuisance, by placing obstructions in a stream navigable in fact, for which he might be indicted. In cases of this nature, where the acts which create the public nuisance, cause also private and special injury to the plaintiff, an action at law will lie; (*Lansing vs. Smith*, 8 *Cow. R.*, 146, and the cases there cited,) and where the complainant in a bill in equity shows that acts are about to be committed which will inevitably produce the same result, the court will interfere by injunction to prevent the threatened injury, if it is of such a nature as to justify the issuing of the injunction. (*Earl of Ripon vs. Hobart*, 3 *Mylne & Keene*, 169 ; *Story's Equity Juris.*, sec. 924, *a.*) Objection is made to the bill, that it does not state how the complainant's property will be injured. But we think that the charge made in the bill, that the defendant was placing obstructions in the bed of the river in front of the complainant's lots and dock, thereby blocking up and obstructing the channel of the stream, not only shows that special damage, quite distinct from that which the public will suffer, will be sustained by the complainant, if the defendant is permitted to complete the erection of the nuisance, but indicates also how the injury will be accomplished. Upon the whole, we are of opinion that the bill should be answered, and that the Circuit Court decided correctly in overruling the demurrer.

Order of the Circuit Court affirmed.