THE UNION MILL COMPANY, Respondent, vs. SHORES, Appellant.

*September 2 — September 21, 1886.*

*Nuisance: Boom obstructing navigation or use of dock: Rights of riparian owners on lake.*

A boom built in Lake Superior by a riparian owner, for the storage of logs, is a nuisance if it obstructs navigation or interferes with the use of a dock built by another riparian owner in aid of navigation.

APPEAL from the Circuit Court for *Ashland* County.

Action to abate as a nuisance a boom built by the defendant in Lake Superior, and for damages. The cause was tried by the court without a jury. The facts, so far as they are essential to an understanding of the decision, are stated in the opinion. As conclusions of law the court held (1) that the plaintiff should have judgment against the defendant for $100, and costs, and (2) that no judgment abating the boom as a nuisance should be entered in this action, because one Canfield and not the defendant is the owner thereof. From the judgment entered accordingly the defendant appealed.

*E. E. Benedict* and *T. J. Ramsdell*, for the appellant, contended, *inter alia*, that the boom was a lawful structure. The rights of boomage and dockage are concurrent and equal. Both are riparian rights and both in aid of navigation. *Railroad Co. v. Schurmeir*, 7 Wall. 272; *Diedrich v.*

*N. W. U. R. Co.* 42 Wis. 248; *Delaplaine v. C. & N. W. R. Co.* id. 214; *Stevens Point Boom Co. v. Reilly,* 44 id. 295; *S. C.* 46 id. 244; *Lorman v. Benson,* 8 Mich. 18; *Rice v. Ruddiman,* 10 id. 125; *" City of Erie"* v. *Canfield,* 27 id. 479; *Chapman v. O. & M. R. R. Co.* 33 Wis. 629; *Pond v. Turck,* 95 U. S. 464; *People's Ice Co. v. "Excelsior,"* 44 Mich. 229.    The rightful use of riparian rights in the construction of this boom may diminish the value of plaintiff's wharf, but this is *damnum absque injuria.    Gerrish v. Proprietors,* 26 Me. 384.

For the respondent there was a brief by *Tomkins & Merrill,* and oral argument by *Mr. Tomkins.*

ORTON, J.    The town of Ashland was laid out on government land, under the act of Congress, along the south shore of the bay of Ashland, in Lake Superior.    The last street toward the lake is Front street, and between that street and the shore there are blocks laid out, and between the blocks, and about the center, there was left an open space undesignated.    On the west side of this space there is a street running towards the shore called Wisconsin street, sixty feet wide, and on the west side of this street, next to the shore, is block 101, of six lots, owned by the plaintiff.    About five years ago, the plaintiff, being a mill-owner and manufacturer of lumber to be shipped away by boats or vessels on the lake, built a dock, opposite lots 1, 2, and 3 of said block, into the bay about 1,000 feet, and at the end an L of 200 feet, the east side of which extended about eight feet into the space opposite the north end of Wisconsin street, eastwardly.    This dock is well and permanently built, and is suitable for the shipment or landing of lumber or other freight on or from the boats and vessels of the lake, and had been used for such purpose with advantage to the plaintiff and others interested in the navigation of the lake, and it was necessary to enable boats and vessels to approach

the shore of the lake at that point, and was an improvement of navigation.   This dock unquestionably facilitated and is in the general interest of navigation.   There was a question whether Wisconsin street extended to the lake shore, as to the right of the plaintiff to build said L eight feet opposite the end of it.   But the dock proper was opposite to the plaintiff's lots alone, and the obstruction to the use of the east side of it would as much entitle the plaintiff to a recovery; and, in our view of the case, it is not necessary to determine that question at this time, and we will leave it an open one.

One John Canfield owned said open space, and blocks 99 and 100, east of it; and about two years ago, through the agency of the defendant, he constructed and established a permanent boom, about 1,000 feet from the shore, opposite said open space and said blocks and the ends of the intervening streets, with piles driven at each end and between the sections of it, the western end of which came within about eight feet of the intersection of the main dock and said L.   This boom was built and has been used by the defendant exclusively for the storage of logs run into it from various points along the shore of the lake, and kept there to be sawed into lumber.   The eastern end of said boom is within a few feet of the railroad dock extending from the shore a considerable distance beyond that point, so that when said boom is closed, as it must be to protect the logs within it, that part of the lake inclosed by it is inaccessible to boats, vessels, and all other craft navigating said lake. The defendant's logs inclosed in it lie along the side of plaintiff's dock, and bump and jostle it as the water fluctuates.   By reason of this boom the entire east side of the plaintiff's dock is entirely useless to the plaintiff or the public for purposes of navigation and commerce, and no freight can be shipped or landed on that side.   This boom is the private property and enterprise of said Canfield, and of no

use to any one except himself and the defendant, for the storage of their logs.

It is clear that the plaintiff's dock is an improvement, and in the general interest of navigation, and a public as well as a private benefit. It is equally clear that the defendant's boom is strictly a private venture and enterprise, for his use and benefit alone, in which the public has no interest; and it not only does not facilitate, but it obstructs, the free navigation of the lake. It is uncommon to place booms along or near the shores of lakes, and it is probably never done except for such private use for the storage and safe-keeping of logs. Along rivers they facilitate the running and sorting of logs, and in that way aid navigation. Docks, wharves, and public landings are essential to navigation, and highly favored in the law. The defendant, as a riparian proprietor, may have had the right to construct this boom for his own benefit, if it had not interfered in such way with the free and unobstructed navigation of the waters of the lake. When it does so interfere with the private and public right of navigation, then it becomes a private and public nuisance to be abated, and those who place them or maintain them there are liable in damages for any special injury.

In view of the well-settled law of this state, the defendant is guilty of a gross infringement of the plaintiff's right to the full use of his dock in connection with the navigation of the lake. The cases in this state involving the right to construct booms are those of booms upon navigable rivers which, in many respects, are in aid of navigation, but all of them invariably lay down the doctrine that even such booms must not obstruct or interfere with the general navigability of the river. The cases in this state, cited by the learned counsel of the appellant himself, all hold the same doctrine,— as in *Stevens Point Boom Co. v. Reilly*, 44 Wis. 295,—that the boom must not interfere with any one's

right of navigation, or obstruct in any way the navigation of the river. In all the cases the paramount right of general navigation is fully recognized. *Diedrich v. N. W. U. R. Co.* 42 Wis. 248.

In *Stevens Point Boom Co. v. Reilly*, 46 Wis. 237, in this court the second time, Chief Justice RYAN said: "The private right of the riparian owner, as declared in *Diedrich v. Railway Co.*, quoted in the opinion on the former appeal, is subordinate to the public use of a navigable river, and is always exercised at peril of obstructing navigation. This subjection of the private right to the public use may sometimes impair the private right, or defeat it altogether. But the public right must always prevail over the private exercise of the private right."

This principle, often repeated, was recognized early in this state, in *Walker v. Shepardson*, 2 Wis. 384, in which the driving of piles in a navigable river, obstructing public navigation and causing a private special injury to the plaintiff's right of navigation, was held to be indictable as a public nuisance, and actionable by the party injured. But the question is too plain and too well settled in this state to require further citation of authority, except *Harrington v. Edwards*, 17 Wis. 586, which, in principle, is closely in point. It is there held that raftsmen on navigable streams have no right to moor their rafts in such a manner as *to deprive wharf-owners of access to their wharves*. This is the precise principle in this case. The plaintiff's dock is in the interest of navigation, the same as a wharf, and serves the same purpose, and cutting off access to it on one side was equally a wrong.

This is sufficient in approval of the decision of the circuit court on this question.

*By the Court.*— The judgment of the circuit court is affirmed.