### BIGELOW VS. BLAKE.

A certificate signed by the receiver of a United States land office, stating that from the books and records of said office it appears that, on &c., A. B. entered, purchased and paid for at public sale, certain specified lands, is not such a certificate as is described in sec. 103 or in sec. 104, ch. 137, R. S., and is not entitled to be received in evidence of title to the land therein mentioned.

APPEAL from the Circuit Court for *Ozaukee* County.

Ejectment. Trial before the court without a jury. The plaintiff offered in evidence two certificates, one of which was as follows: " Receiver's Office, Menasha, Wis., October 9th, 1858. I hereby certify that from the books and records of the United States land office at Menasha, Wisconsin, it appears that on the 24th day of November, 1835, at Green Bay, Wooster Harrison of Milwaukee county, entered, purchased and paid for at public sale, viz: lot three, of sec. twenty-eight, in township eleven north, of range twenty-two east, containing thirty-five and 45-100 acres, at the rate of eight 95-100 dollars per acre, amounting to, per certificate of purchase No. 994, the sum of three hundred and seventeen dollars and twenty-eight cents. SAM'L RYAN, U. S. Receiver." The other certificate was similar to this, but described a different piece of land. The defendant objected to the admission of the evidence, but the objection was overruled. The plaintiff then showed that the lands in dispute here were included in the tracts named in said certificates; and also proved his chain of title from said Wooster Harrison; and the defendant admitted that he was in possession. After the introduction of some evidence on the part of the defendant, judgment was rendered for the plaintiff; from which the defendant appealed.

*A. M. Blair*, for appellant.

*A. C. Fraser*, for respondent, cited R. S., ch. 137, secs. 103, 104.

*By the Court*, DIXON, C. J. The receiver's certificates were improperly received in evidence. Counsel cites secs. 103 and

104, chap. 137, R. S., in support of their admissibility. Section 103 makes the receiver's receipt or certificate of purchase, and the official certificate of the register or receiver of the entry or purchase of public lands, *prima facie* evidence of title. Section 104 declares that copies of any record, plat, file, paper, or memorandum, of the purchase or entry of any land, made or kept in any land office of the United States located in this state, certified by the register of the land office, having the charge or custody thereof, in like manner as other such documents are required by statute to be certified, shall be evidence of the matters or things so certified. Section 71 of the same chapter provides, that whenever a certified copy of any affidavit, record, document, or other paper, is allowed by law to be evidence, such copy shall be certified by the officer in whose custody the same is required by law to be, *to have been compared by him with the original, and to be a correct transcript therefrom.* That the certificates in question are not the receiver's receipts or certificates of the purchase, or his official certificates of the entry or purchase, is manifest. They are merely certificates of *what appears to him* from an inspection of the books and records in his office. They were therefore inadmissible under sec. 103. And that they were equally so under sec. 104, seems quite as obvious. To be competent evidence under that section, copies of the records, entries &c., must be made and certified by the *register* to have been compared by him with the originals, and to be correct transcripts therefrom. Mere certificates of the receiver as to his conclusions drawn from an examination of the records, cannot be received, or substituted for those which the court might draw upon an inspection of duly authenticated copies.

Judgment reversed, and a new trial awarded.