## FARRAND VS. THE CHICAGO & NORTH-WESTERN RAILWAY COMPANY.

*Land office certificates of entry &c.:   secs. 103, 104, ch. 137, R. S.—Appropriation of street in in city by railroad company :   sec. 4, ch. 137, Laws of 1856.*

| 21 | 435 |
|----|-----|
| 86 | 605 |

1. A certificate, by the register of a land office in this state, that a tract of land therein described, was, on &c., "entered at Green Bay, Wis., in the name of H. H. B——, as appears from the books of records hereof, and that the same has been patented;" and that said register had "examined and compared the foregoing" with records in his office, and found the same to be a correct transcript therefrom, is not such a certificate as is described in sec. 103, or in sec. 104, ch. 137, R. S., nor entitled, under that chapter, to be received in evidence of title to the land therein described.

2. Whether it would be admissible under ch. 125, Laws of 1866, is a question not presented in this case.

3. By defendant's charter (Laws of 1856, ch. 137, sec. 4) it has no right to appropriate any part of a public street to its own exclusive use, as for side-tracks,

switches, engine houses, depot buildings and the like, and so destroy the public right of way; nor does it seem to have done so by the evidence in this cause. It was therefore error, in an action for the value of land in a street 66 feet wide, over which defendant had constructed its road, to instruct the jury that they might estimate the damages upon the theory that the company had appropriated the whole of the east side of said street.

4. Plaintiff's witnesses were asked what was the damage to his lots from building said road in said street in front thereof. Whether this was a proper form of question, or was objectionable as involving the opinion of the witnesses as to the legal rule of damages, discussed *per* DIXON, C. J., but not decided by the court.

APPEAL from the Circuit Court for *Winnebago* County.

*Farrand* appealed to said court from an award of commissioners, appointed pursuant to ch. 137, Laws of 1865, to determine the compensation to be paid him by the defendant company as damages for occupying with its track land which he claimed to own in the east half of Broad street in the city of Oshkosh, adjoining two lots on that street occupied by him as a residence.—In establishing his chain of title, he was permitted to read in evidence, against defendant's objection, a certificate in the following words: "LAND OFFICE, MENASHA, WIS., April 8th, 1863. I hereby certify that the west half of northeast quarter of section 24, in township 18 north, of range 16, east, was entered at Green Bay, Wis., on the 5th day of April, A. D. 1840, in the name of Henry H. Brown, as appears from the books of records hereof, and that the same has been patented. I further certify that I have examined and compared the foregoing with records now in my office, and find the same to be a correct transcript therefrom. Given under my hand and seal, the day and year first written. (Signed) A. B. JACKSON, Register." He was also permitted, against objection, to testify as follows: *Question:* "What is the value of the east half of Broad Street in front of your lots, subject to the use of the public for a street?" *Answer:* "One hundred and fifty dollars." *Question:* "What was the damage to your two lots by building the road through Broad Street in front of them?" *Answer:*

" I think one half the value of the property [which he had before testified was 450]." On cross-examination he said that in estimating the damages he " took into consideration the annoyance of trains passing, danger of injuries to his family," &c. Several other witnesses were permitted to testify in a similar manner, against defendant's objection. It was shown that the company had only a single track of the usual width, from two to two and a half feet above the grade of the street; and that the street was sixty-six feet wide. The court instructed the jury as follows: "You may estimate the damages upon the theory that the company have appropriated the whole of the east side of Broad Street. And further, they have the right to use the whole of the same for railroad purposes."

Verdict for plaintiff for $180; new trial denied; and defendant appealed from the judgment.

*Gab. Bouck*, for appellant, as to the inadmissibility of the register's certificate, cited *Bigelow v. Blake*, 18 Wis., 520; *Rogers v. Jackson*, 19 Wend., 383. 2. As to the evidence relating to damages, he cited Pierce on Am. R. Law, 200; *Morehouse v. Matthews*, 2 N. Y., 514; *Jefferson Co. v. Cotheal*, 7 Wend., 72; *Dewitt v. Barley*, 9 N. Y., 371; *Rochester & S. R. R. Co. v. Budlong*, 6 How. Pr. R., 467; *Albany & U. R. R. Co. v. Lansing*, 16 Barb., 68; *Troy & B. R. R. Co. v. N. T. Co.*, id., 100; *Canandaigua &c. R. R. Co. v. Payne*, id., 273; *Montgomery & W. P. R. R. Co. v. Varner*, 19 Ala., 185; *Rochester v. Chester*, 3 N. H., 349; *Peterborough v. Jaffrey*, 6 id., 462; *Luning v. State of Wis.*, 1 Chand., 178; *Dalzell v. Davenport*, 12 Iowa, 437; *Buffum v. N. Y. & Boston R. R. Co.*, 4 R. I., 221; *C. & P. R. R. Co. v. Ball*, 5 Ohio St., 568; *Evansville R. R. Co. v. Fitzpatrick*, 10 Ind., 120; *Same v. Stringer*, id., 551; *A. & G. W. R. R. Co. v. Campbell*, 4 Ohio St., 583; *Concord Railway v. Greely*, 3 Foster, 237; *S. & Easton R. R. Co. v. Doughty*, 2 Zab., 495; *Robbins v. Mil. & H. R. R. Co.*, 6 Wis., 636.

*W. R. Kennedy*, with whom was *Geo. Gary*, of counsel, for

respondent, as to the certificate, cited R. S., ch. 137, secs. 71, 103.  2. In support of the question asked as to damages, they cited *Robbins v. Mil. & H. R. R. Co.*, 6 Wis., 636; 2 Chand., 86; *R. & S. R. R. Co. v. Budlong*, 10 How. Pr. R., 289.

DIXON, C. J.   Transpose the words "as appears from the books of records hereof," by putting them immediately after the words "I hereby certify," and the language of the certificate of the register in this case is almost the very same as that of the certificate of the receiver in *Bigelow v. Blake*, 18 Wis., 520; and it is liable to the same objection.   The further certificate of the register, that he has examined and compared the foregoing with records in his office, and finds the same to be a correct transcript therefrom, adds no force to the instrument as evidence, since it is obvious from the language previously used that it is not a copy of any record or document made or kept in his office, to the correctness of which he certifies.

It is unnecessary to decide whether the certificate in question is admissible under chapter 125, Laws of 1866, since that chapter was not enacted at the time of the trial.

There was likewise error in giving and refusing instructions as to the extent of the appropriation by the company of the land in controversy.   The jury were instructed that they might estimate the damages upon the theory that the company in their proceedings had appropriated the whole of the east side of Broad Street; and an opposite instruction asked by the company was refused.   It appeared in proof that the company had in fact only appropriated so much of the street as was necessary for laying a track, constituting a part of the main line of its road for the passage of trains; and such, no doubt, was the extent of its authority under the charter.   Chap. 137, Laws of 1856, sec. 4.   The company has no right to appropriate the whole or any part of the street to its own exclusive use, as for

side tracks, switches, engine houses, depot buildings and the like, and so destroy the public right of way, as the instruction seems to contemplate. The instruction was therefore erroneous.

The question whether witnesses may be interrogated and allowed to state the damage to the lots by building the road through the street, is an embarrassing one, and has not been decided by the court. The more recent and leading decisions are collected by Mr. Justice COLE in *Blair v. Milwaukee & Prairie du Chien R. R. Co.*, 20 Wis., 262. I have examined them, and whilst I think there is great force in the reasoning of Judge SELDEN in two of the decisions referred to, I still doubt the practicability, in cases like this, of the rule for which he so learnedly contends. It seems to me that great and almost insuperable difficulty must be experienced in distinguishing between those questions the answers to which depend exclusively upon mere differences in value, which he contends may be put, and those which involve the legal rule of damages, which he concedes cannot be put. It requires very accurate and close application to follow the learned judge in his discriminations of some of the adjudged cases; and one has, I think, but to read his opinions and the very able one of Judge JOHNSON in *Clark v. Baird*, to appreciate in some measure the difficulty which I have suggested. I think the rule established in the latter case the safer if not the sounder one; for, conceding the correctness of Judge SELDEN's positions, it comes to the same thing in the end, the difference being that the witness must answer two questions instead of one. Let him state the value of the lands before the alleged appropriation or injury, and then their value afterwards; and the jury can ascertain the difference. This will avoid all entanglement with the legal rule of damages, which otherwise cannot with certainty be said not to have entered into the estimate of the witness. Questions like those put in this case have not yet re-

ceived the sanction of any of the courts of New York. They were not involved in the judgments pronounced by Judge SEL-DEN, and the great weight of authority seems decidedly against their admissibility.

*By the Court.*—Judgment reversed, and a new trial awarded.