P. R. HENRY, Appellant, v. MASON CITY & FT. DODGE R. R. CO. AND CHICAGO GREAT WESTERN RY. CO.

Municipal corporations: USE OF STREETS FOR RAILWAY PURPOSES: CONSTRUCTION OF FRANCHISE: DAMAGES. A grant by a municipality of the right to use its streets for railway purposes will be strictly construed against the grantee, so that where a grant was "to lay down and forever maintain its railway track," which was construed by the parties to mean a single track, and damages to abutting property were settled on that basis, the company could not lay additional tracks without a new grant and additional compensation to abutting owners.

*Appeal from Wright District Court.*—HON. C. G. LEE, Judge.

THURSDAY, NOVEMBER 19, 1908.

ACTION to recover damages to real property. There was a judgment for the defendant, from which the plaintiff appeals.—*Reversed.*

*Peterson & Knapp,* for appellant.

*Birdsall & Birdsall* and *Healy & Healy,* for appellees.

SHERWIN, J.—The plaintiff is the owner of certain lots abutting upon Manson street, in the town of Clarion, Iowa. He brought this action to recover damages to said premises under the provisions of an ordinance of the town of Clarion passed April 7, 1902, granting to the Mason City & Ft. Dodge Railroad Company the right to locate and lay down one or more additional railroad tracks upon Manson street in front of plaintiff's property, one of which additional tracks had already been laid and was being used for a switching track. In 1886 the Mason City & Ft. Dodge Railroad Company built a railroad between Mason City, in Cerro Gordo County, Iowa, and Ft. Dodge in Webster County, through Clarion, and applied to the town council of Clarion for an ordinance permitting said company to lay its railroad track upon Manson street, in said town, and thereupon the said council passed an ordinance on August 14, 1886, as follows, so far as the same is material here:

Be it ordained . . . that the Mason City & Ft. Dodge R. R. Co. is authorized and permitted to locate and lay down and forever maintain its railroad track upon and along Manson St. in Eastman's Addition of said town of Clarion. The terms and conditions of the above ordinance are that said Mason City & Ft. Dodge Railroad Company shall leave the said street for travel in as good condition as the same now is, and at the intersection of

streets shall maintain good and suitable crossings as the same are required, and make adequate compensation to all abutting property owners for the damages sustained.

Pursuant to this ordinance, the railroad company laid a single track on Manson Street, and thereafter it paid to J. M. Overbaugh, the plaintiff's grantor, $350 damages on account of the location of said track on Manson street. This was the only track on said street until in 1902, when, at the special instance and request of the said railroad company, the city council of Clarion passed another ordinance granting to the said railroad company the right to lay one or more additional tracks on said street; section 2 of said ordinance providing that the railroad company should make adequate compensation to the abutting property owners for damages sustained by reason of such additional tracks. The trial court held that the ordinance of 1886 gave the defendant company the right, not only to occupy said street with its main track, but the right to lay thereon such additional tracks as might be necessary for the reasonable and proper conduct of its business, and that the ordinance of 1902, known as "Ordinance No. 51," was of no force or effect.

While it may be true as a general proposition that the right to lay a track would carry with it implied authority to lay such additional tracks as might be reasonably necessary for the transaction of the business of the road, it is not controlling in this case because of the facts and circumstances disclosed by the record. It is a well-established principle that grants of franchise or license are to be strictly construed in favor of the grantor and against the grantee, and that no right will pass by implication unless it is of such a character as to be without question. And, in accordance with this principle, it is practically the universal holding that grants by a multiplicity of the right to use its streets are to be strictly construed against the grantee.  10 Cyc. 1088, and cases there cited; *Fer-*

*tilizing Co. v. Hyde Park,* 97 U. S. 666 (24 L. Ed. 1036).
One of the strongest reasons for the rule as applied to
municipal corporations is to be found in the fact that its
streets are for the use of the public, and whatever fran-
chises or licenses the municipality may grant to a railroad
company can not ordinarily defeat the primary purpose for
which the streets are dedicated, and a grant should not be
construed to impose any greater burdens upon the public,
or upon owners of property abutting the streets who are in-
juriously affected by the grants, than are expressly given
by the grant, or are so clearly implied therefrom as to
leave no question of doubt as to the extent of the grant.

Here the record discloses facts and circumstances which
leave no doubt as to the purpose for which the original
grant was made. The first ordinance gave the railroad
company in explicit language the right to lay its track upon
and along said street of Manson. The damage to the abut-
ting property was settled on the basis of the damage done
by this single track. Thereafter the city, by its authori-
ties, and the railroad company, construed the original grant
as giving the company the right only to use the street for
a single track, and it is a well-settled rule that the inter-
pretation which the parties themselves by their acts have
practically given a contract or a grant will have great
weight in determining its terms or extent. *Stewart v.
Pierce,* 116 Iowa, 733. As we have heretofore said, the
use of a public street for railway purposes is more or less ad-
verse to the interests of the public and to the interests of
abutting property owners, and, where application is made to
a municipality for the use of one or more of its streets for
the purpose of laying a single track, and the damages to
abutting property are paid on the single track, the courts
should be very slow to construe an ordinance granting the
franchise or license so as to permit the laying of additional
tracks. And, where a municipality and the railroad com-
pany have themselves given a different interpretation to the

act, such interpretation should be held of great weight and practically controlling. Whether or not the railroad company is authorized to occupy the streets for additional tracks without a new grant of authority must depend upon the terms of the original grant, and in this case we are constrained to hold that no such authority existed. The appellees rely upon *Hileman v. C. G. W. Ry. Co.,* 113 Iowa, 591, to support their contention that the original grant conferred the power to lay additional tracks, but a careful examination of that case clearly shows, we think, that it is not controlling here. There the plaintiff had executed a release to the company which was broad enough to cover all damages which might be suffered in the future by any reasonable use to which the company might put the street. The right to lay additional tracks in a street without express authority therefor in the original grant was denied in the following cases: *Savannah R. Co. v. Woodruff,* 86 Ga. 94 (13 S. E. 156); *Railroad Co. v. Railroad Co.,* 157 Pa. St. 42 (27 Atl. 683); *Jones v. Railroad Co.,* 169 Pa. St. 333 (32 Atl. 535, 47 Am. St. Rep. 916); *Riedinger v. Marquette R. R. Co.,* 62 Mich. 29 (28 N. W. 775); *Evans v. C. R. R. Co.,* 86 Wis. 597 (57 N. W. 354, 39 Am. St. Rep. 908.) It is manifest that additional tracks laid in a street will entitle an abutting property owner to additional damages when such additional tracks were not provided for or contemplated at the time of the original assessment of the damages. *R. I. R. R. Co. v. Johnson,* 204 Ill. 488 (68 N. E. 549). With this view of the controlling question in the case, we need not determine the question raised as to the admissibility of certain letters offered by appellant.

For the reasons pointed out, the trial court was in error, and the case must be *reversed.*