(June 19, 1915.)

ROBERT H. LEONARD, Plaintiff, v. JOHN S. ST. CLAIR,
Defendant.

[149 Pac. 1058.]

COUNTY OFFICERS—SALARIES—CONSTITUTIONAL LAW.

    1.  Sec. 7 of art. 18 of the constitution of Idaho, which pro-
vides: "All county officers and deputies when allowed, shall receive,
as full compensation for their services, fixed annual salaries, to be
paid quarterly out of the county treasury, as other expenses are
paid, . . . . " was adopted and amended in view of and in order
to conform to the established plan of county government which
contemplates that the board of county commissioners shall have
supervisory power over all county matters, and which provides,
among other things, for a settlement between the board and the
county officers quarterly, to the end that the officers shall be paid
such sums; and such sums only, as may be found to be due to them
from the county after deducting all sums due to the county from
them.

    2.  The attempted amendments of sec. 2115, Rev. Codes, whereby
county officers' salaries are payable monthly instead of quarterly
are in contravention of sec. 7 of art. 18 of the constitution of
Idaho, and are void.

Application for writ of mandate. Demurrer sustained. Writ quashed.

N. Eugene Brasie, for Plaintiff.

The question as to whether or not sec. 2115 is repugnant to sec. 8, art. 18 of the constitution has been passed upon indirectly by this court in the case of *Stookey v. Board of Nez Perces County Commrs.*, 6 Ida. 542, (547), 57 Pac. 312, wherein the court says:

" . . . . The people having declared by the said constitutional provision [referring to sec. 7, art. 18] that county officers should be paid by salaries and not by fees. . . . . "

The opposition between the constitution and the law should be such that the judge forms a clear and strong conviction of their incompatibility with each other. (*Noble v. Bragaw,* 12 Ida. 265, 272, 85 Pac. 903; *Ogden v. Saunders,* 12 Wheat. (U. S.) 216, 270, 6 L. ed. 606; *Mugler v. Kansas,* 123 U. S. 623, 8 Sup. Ct. 273, 31 L. ed. 205.)

"The acts of the legislature are presumed to be valid until it is clearly shown that they violate some constitutional restriction." (*Wright v. Kelley,* 4 Ida. 624, 43 Pac. 565; *Ex parte Boyce,* 27 Nev. 299, 75 Pac. 1, 1 Ann. Cas. 66, 68, 65 L. R. A. 47; *In re Spencer,* 149 Cal. 396, 117 Am. St. 137, 86 Pac. 896, 9 Ann. Cas. 1105, 1106.)

Wm. Healy, for Defendant.

The term "quarterly," used in connection with the provision for the payment of the salaries of county officers, means once in three months or once in a quarter of a year. This is, of course, also its popular meaning. (*In re Schneider,* 11 Or. 288, 8 Pac. 289; 32 Cyc. 1287; *Kirk v. Hartman,* 63 Pa. St. 97–106.)

Legislative enactments and political systems in force at the time of the adoption of the particular provision of the constitution which is being construed will be examined for the purpose of determining what is meant by the constitutional provision under consideration. (Cooley's Const. Limitations,

p. 100; 8 Cyc. 736; *Rathbone v. Wirth,* 150 N. Y. 459, 45 N. E. 15, 34 L. R. A. 408.)

Long acquiescence in a particular construction of a constitutional provision is usually given weight by the courts, as is also practical contemporaneous construction by legislative enactment. (Cooley's Const. Limitations, p. 102; 8 Cyc. 736.)

J. H. Peterson, Attorney General, and T. C. Coffin, Assistant, *Amici Curiae.*

MORGAN, J.—This is a proceeding commenced in this court for the purpose of procuring the issuance of a writ of mandate directing the defendant, who is the auditor of Owyhee county, to issue to the plaintiff, who is the probate judge of said county, a warrant in payment of his official salary for the month ending May 12, 1915, as provided by sec. 2115 of the Rev. Codes, as amended by chap. 70, page 193, Sess. L. of 1911, and as further amended by chap. 48, page 154, Sess. L. of 1913. The defendant demurred to the petition upon the ground that it does not state facts sufficient to entitle the petitioner to the relief demanded, and contends that sec. 2115, Rev. Codes, as amended, is unconstitutional. The section as amended provides:

"The salary of all county officers, as full compensation for their services must be paid monthly from the county treasury upon the warrants of the county auditor. The auditor shall keep a strict account of all salary warrants drawn by him, which accounts shall be verified and transmitted to the board of county commissioners at each regular meeting thereof, and, if found correct by such commissioners, they shall make an order confirming said account as correct and direct the same to be filed among the records of the board.

"No officer or deputy must retain out of any money in his hands belonging to the county any salary; every officer and deputy shall turn over to the county treasurer all fees which may come into his hands from whatever source at the end of the quarter, together with an itemized statement showing what such fees were collected for and the date thereof; and

it is hereby made the duty of every county officer to collect and turn in to the county treasury at the end of each quarter all fees allowed by law to be collected by such officer.

"All actual and necessary expenses incurred by any county officer or deputy in the performance of his official duty shall be a legal charge against the county, and such officer and deputy shall at the end of each month file with the clerk of the board of county commissioners a sworn statement accompanied by proper vouchers, showing all expenses incurred by him. At each regular meeting, the board of county commissioners shall audit all such expense accounts and shall pay all such proper expense accounts in the sums allowed and ordered paid, from the county treasury upon the warrants of the county auditor."

The question propounded to the court by this proceeding is: "Do the acts of the legislature which provide for the payment of county officers monthly violate sec. 7 of art. 18 of the constitution wherein it directs that such salaries are to be paid quarterly?"

It is contended by plaintiff that the words "to be paid quarterly" are not intended to definitely fix the times when instalments of the annual salary are to be paid, but are intended to fix a maximum limit of time in which it must be paid; that the provision is for the protection of the officer and not of the county, and that the legislature may provide for the payment of instalments at any time it sees fit so long as the period of time elapsing between payments be not greater than three months. It is contended by the defendant, upon the other hand, that said constitutional provision is to be construed to mean that a county officer shall receive his annual salary in equal instalments, one of which shall be paid every three months; that it is for the protection of the county and not of the officer. It appears to us the provision is for the protection of both the officer and the county; that it was incorporated in the constitution for the purpose of requiring the county to pay its officer an instalment of his annual salary once every three months, not all of it at the end of the year, and for the further purpose of protecting the county in

accordance with a system of county government which was in force at the time of the adoption of the constitution.

Sec. 7 of art. 18 of the constitution as it was originally adopted was as follows:

"The officers provided by section six (6) of this article shall receive annually as compensation for their services as follows: sheriff, not more than four thousand dollars and not less than one thousand dollars, together with such mileage as may be prescribed by law; clerk of the district court, who is *ex-officio* auditor and recorder, not more than three thousand dollars, and not less than five hundred dollars; probate judge, who is *ex-officio* county superintendent of public instruction, not more than two thousand dollars, and not less than five hundred dollars; county assessor, who is *ex-officio* tax collector, not more than three thousand dollars and not less than five hundred dollars; county treasurer, who is *ex-officio* public administrator, not more than one thousand dollars, and not less than three hundred dollars; coroner, not more than five hundred dollars; county surveyor, not more than one thousand dollars; county commissioners, such *per diem* and mileage as may be prescribed by law; and justices of the peace and constables such fees as may be prescribed by law."

The legislature in 1897 proposed an amendment, which was adopted at the November, 1898, election, whereby said sec. 7 now reads:

"All county officers and deputies when allowed, shall receive, as full compensation for their services, fixed annual salaries, to be paid quarterly out of the county treasury, as other expenses are paid. All actual and necessary expenses, incurred by any county officer or deputy, in the performance of his official duties, shall be a legal charge against the county, and may be retained by him out of any fees, which may come into his hands. All fees, which may come into his hands from whatever source, over and above his actual and necessary expenses, shall be turned into the county treasury at the end of each quarter. He shall at the end of each quarter file with the clerk of the board of county commissioners, a sworn statement, accompanied by proper vouchers, showing all ex-

penses incurred and all fees received, which must be audited by the board as other accounts.''

At the time of the adoption of the constitution sec. 2120, Rev. Stats. 1887, was in force and it provided:

''The salaries and all compensation of county officers for services rendered the county, must be paid quarterly from the county treasury, upon the warrants of the county auditor and before being paid to such officers or to any other person, must be allowed and audited by the board of commissioners as other claims against the county . . . . ''   And sec. 2158 was as follows: ''The compensation herein mentioned and provided for the officers named in this act shall be paid quarterly out of the county treasury upon the auditor's warrant, after the same has been allowed by the board of county commissioners, and such warrant shall be drawn upon the 'Current Expense' or 'County General' fund of the county.''

It is clear that the law in force at the time the constitution was adopted provided for the payment of county officers' salaries quarterly and not monthly.

Sec. 1913, Rev. Codes of Idaho, is a re-enactment of sec. 1755 of the Rev. Stats. of 1887, which was in force at the time of the adoption of the constitution, and of the amendment thereof, and provides that the regular meetings of the board of county commissioners must be held quarterly on the second Monday in January, April, July and October of each year.

It was also provided in sec. 1759, Rev. Stats. of 1887, and was re-enacted in sec. 1917, Rev. Codes, as amended by chap. 143, Sess. L. 1913, page 506, that ''the boards of commissioners in their respective counties, have jurisdiction and power under such limitations and restrictions as are prescribed by law.

''1. To supervise the official conduct of all county officers and officers of all districts and other subdivisions of the county charged with assessing, collecting, safekeeping, management or disbursement of the public moneys and revenue; see that they faithfully perform their duties; direct prosecution for delinquencies; approve the official bonds of county

and precinct officers, and when necessary, require them to renew their official bonds, to make reports, and to present their books and accounts for inspection;

"9. To examine and audit the accounts of all officers having the care, management, collection or disbursement of moneys belonging to the county, or appropriated by law, or otherwise, for its use and benefit;

"10. To examine, settle and allow all accounts legally chargeable against the county, and other warrants to be drawn on the county treasurer therefor, and provide for the issuing of the same."

Sec. 2160, Rev. Stats. 1887, was re-enacted as sec. 2135, Rev. Codes, and it is as follows: "Accounts for county charges of every description must be presented to the board of county commissioners to be audited according to law." Sec. 2161, Rev. Stats. 1887, is in part as follows: "The following are county charges: 1. Charges incurred against the county by virtue of any provision of this title." This provision was re-enacted in sec. 2136, Rev. Codes, and the title referred to is title 11, wherein the payment of salaries to county officers is provided for. So it must have been, at the time of the adoption of the constitution, and must still be a part of the plan of county government, that the board shall pass upon and allow, or disallow, claims for salaries of county officers.

The board was prohibited by sec. 1771 of the Rev. Stats. of 1887, which provision has been incorporated in sec. 1945 of the Rev. Codes, from allowing any account or causing or permitting any warrant to be issued to "any county or pre-, cinct officer entrusted with the collection, safekeeping or disbursement of public funds who has failed to make any statement or settlement of his accounts, as required by law, or who has failed to account for and pay over the public funds received by him, when, and as required by law, or who is in any way delinquent or a defaulter in his trust, nor to any delinquent taxpayer."

It appears to us to be perfectly clear that when sec. 7 of art. 18 of the constitution was originally framed and adopted and when it was amended in order to change the compensa-

tion of county officers from a fee system to a salary system, it was adopted and amended in view of and in order to conform to the established plan of county government which contemplates that the board of county commissioners shall have supervisory power over all county matters, and which provides, among other things, for a settlement between the board and the county officers quarterly, to the end that the officers shall be paid such sums, and such sums only, as may be found to be due to them from the county after deducting all sums due to the county from them.

The language of sec. 7 of art. 18 of the constitution is clear wherein it says: "All county officers and deputies when allowed, shall receive, as full compensation for their services, fixed annual salaries to be paid quarterly out of the county treasury, as other expenses are paid." The word "quarterly" means "quarter yearly; once in a quarter of a year." (32 Cyc. 1287.) The phrase "as other expenses are paid" refers to other expenses of the county, and means that the claim of a county officer for salary shall be passed upon and allowed by the board of county commissioners, which negatives the idea that such a salary may be paid monthly, since the boards of county commissioners, when sec. 7 of art. 18 of the constitution was amended, were required to meet in regular session to pass upon claims against the county, and are still required to meet for that purpose, but quarterly.

It is earnestly urged that the people of Idaho are upon a different business basis now than they were when the constitution was adopted and amended as hereinbefore set forth; that while some years ago business in this state was conducted upon terms of extended credit, now it is upon a cash basis, or current bills are paid from month to month, and that payment of county officers quarterly instead of monthly will result in great inconvenience. We are fully aware of the soundness of this contention and of the regrettable inconvenience which will follow upon our construction of this section of the constitution, but we are not unmindful that if the constitution is to be amended, it must be done by the joint

act of the legislature and the people themselves, and that it cannot be accomplished by judicial construction.

The attempted amendments of sec. 2115, Rev. Codes, providing for the payment of the salaries of county officers monthly are in contravention of sec. 7 of art. 18 of the constitution of Idaho and are void.

The demurrer to the petition is sustained and the writ quashed. Costs are awarded to the defendant.

Sullivan, C. J., and Budge, J., concur.