Argued March 11, affirmed April 6, rehearing denied May 18, 1926.

# A. M. DICKENSON ET AL. *v.* HARRIET COX ET AL.

## (244 Pac. 877.)

**Bills and Notes—As Respects Acceleration Clause, "Quarterly" Held to Mean Quarter Yearly, in a Note, "on or Before Nine Years * * We Promise to Pay * * in Quarterly Payments. * * "**

1. Where a note containing acceleration clause read, "On or before nine years after date * * we promise to pay $2,875 in quarterly payments of $75 or more, and interest at the rate of 6% per annum, * * interest to be paid quarterly, * * " *held* that "quarterly" means quarter yearly.

**Contracts.**

2. Contracts are to be construed with reference to their subject matter and situation of parties at time of making.

**Bills and Notes—As Respects Acceleration, Parties to a Note, "On or Before Nine Years * * We Promise to Pay * * in Quarterly Payments," Interpreted It Quarter Yearly, and Court Will Give It Same Construction.**

3. As respects acceleration, where maker of note, "On or before nine years * * we promise to pay * * $2,875 in quarterly payments of $75 or more, and interest, * * " made quarter yearly payments for two years, *held* parties put interpretation of "quarter yearly" on "quarterly," and court will give it same construction.

**Pleading—Defendant, After His Demurrer was Overruled, if He Wished to File Answer, Should have Tendered Same to Trial Court.**

4. Where defendant, after his demurrer was overruled, desired to file answer, he should have tendered same to trial court, so that court might determine whether answer had any merit.

---

Contracts, 13 **C. J.**, p. 543, n. 32, p. 546, n. 54, p. 549, n. 61.
Mortgages, 27 **Cyc.**, p. 1523, n. 98, p. 1527, n. 25.

From Washington:  GEORGE R. BAGLEY, Judge.

---

2. See 6 **R. C. L.** 849.
3. See 6 **R. C. L.** 852.

Department 2.

This is a suit to foreclose a real estate mortgage. The defendants demurred to the complaint, the demurrer was overruled and defendants failed to plead further. A decree was entered for want of an answer from which defendants appealed.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. William G. Martin.*

For respondent there was a brief over the name of *Messrs. Ganoe & Ganoe,* with an oral argument by *Mr. H. L. Ganoe.*

BEAN, J.—The defendants assign error of the court in overruling the demurrer to the complaint. That pleading avers, among other things, in substance, the following:

On July 21, 1920, said defendants made, executed and delivered to plaintiffs their certain promissory note in writing, in words and figures substantially as follows:

"$2875.00.          Portland, Oregon, July 21, 1920.

"On or before nine years after date, without grace, for value received, we promise to pay to A. M. Dickinson and Caroline B. Dickinson, his wife, or order at First National Bank Portland Oregon Twenty-eight Hundred and Seventy-five ($2875.00) Dollars in quarterly payments of $75.00 or more, and interest at the rate of six per cent per annum from date until paid; all in U. S. Gold Coin. Interest to be paid quarterly, and if not so paid the whole sum of both principal and interest to become immediately due and collectable at the option of the holder of this note.

"And we further agree to pay all taxes and assessments which may be levied or assessed to the holder

of this note or account thereof. And in case suit or action is instituted to collect this note or any part thereof, to pay such further sum as the court may adjudge reasonable attorney's fees in said suit or action."

Plaintiffs aver that to secure the payment of said note said defendants on said day made, executed and delivered to the plaintiffs a mortgage and thereby conveyed to plaintiffs the following described real estate, viz.: Then follows a description of the lots. The mortgage is set forth *in haec verba,* and plaintiffs aver that the same was duly recorded, and that defendants have made the following payments thereon, to wit:

"October 19, 1920, paid $75, interest $43.15; total $118.15.
"December 28, 1920, paid $75, interest $43.
"April 21, 1921, paid $75 interest, $40.
"July 21, paid $75, interest $39.75.
"October 24, 1921, paid $75, interest $38.61.
"March 21, 1922, paid $75, interest $39.
"October 22, 1922, paid $150, interest $72.75.
"October 22, 1922, paid interest def., $6.66."

No other or further payments have been made thereon; also that defendants defaulted in the payment due October, 1922, and in each and all payments coming due since said date, as required by the terms of said mortgage, and by virtue of the terms of said mortgage, and the defaults herein set out, plaintiff elects to declare the whole sum of principal and interest due and payable. Defendants have further defaulted in carrying out the terms of said mortgage in that they failed and neglected to pay the taxes, in the sum of $37.43, becoming due and delinquent in April, 1923.

This suit was commenced in June, 1923. The demurrer was overruled August 4, 1923. After notice on August 24, 1923, to defendants' attorney a default was entered, but the decree was not entered until September 29, 1923. During all of such time the defendants made no answer to the complaint and have never tendered any answer thereto. Defendants contend that by the terms of the note the sum of $2,875, "in quarterly payments of $75 or more," the whole time of the note being on or before nine years, the same could be liquidated in four payments, any of which need not exceed $75, except the last; that payment of the principal was due on the same for a period of two years and three months after the date thereof, or on October 21, 1922, and that there being no interest thus due, the suit was prematurely brought.

1. With this contention we cannot agree. While the terms of the note are couched in general language, it is plain from the reading thereof that the defendants promised to pay at least $75 of the principal and the interest due every three months or quarter yearly. See *Leonard* v. *St. Clair,* 27 Idaho, 568 (149 Pac. 1058).

2. It is a fundamental rule that all contracts are to be construed with reference to their subject matter, and the situation of the parties at the time of their making: *Ferguson* v. *Omaha Ry. Co.,* 227 Fed. 513, 142 C. C. A. 145; *Leonard* v. *St. Clair,* 27 Idaho, 568 (149 Pac. 1058, 1060).

3. In making the payments quarter yearly for two years, as shown by the credits on the note, the parties to the contract placed their interpretation thereon and the rule is, the court should give it the same construction: *Cook* v. *Foley,* 152 Fed. 41 (81

C. C. A. 237); *Henry* v. *Mason City Ry. Co.*, 140 Iowa, 201 (118 N. W. 310); *Guaranty Trust Co.* v. *Koehler*, 195 Fed. 669 (115 C. C. A. 475).

The defendants were in default in the payment of principal, interest and taxes at the time the suit was instituted. We find in the mortgage—

"It is expressly provided that time and the exact performance of all the conditions hereof is of the essence of this contract."

4. Defendants suggest that they should have been allowed more time to answer. If they desired to file such a pleading, they should have tendered the same to the trial court, even after default in order that the court might determine whether there was any merit in the answer.

The decree of the lower court is affirmed.

AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BROWN and BELT, JJ., concur.