## THE BOARD OF COMM'RS OF HAMILTON CO. *v.* COTTINGHAM.

COUNTY COMMISSIONERS.—*Powers.*—*Ministerial Acts of Board can not be Revised.*—The powers conferred upon boards of county commissioners by the act of June 17th, 1852, (1 R. S. 1876, p. 348,) "providing for the organization of county boards," etc., and by the amendments thereto, are wholly ministerial, and their exercise by such boards, within the authority of law, can not be revised by a court of judicature.

SAME.—*Loans for County Purposes.*—*Extent of.*—*Statute Construed.*—Under section 17 (1 R. S. 1876, p. 354) of such act, as amended by the act of March 4th, 1869, a board of county commissioners may, in their discretion, borrow money for the purposes expressed in such section, at one or several loans, as long as the sum of such loans, outstanding at the same time, does not exceed one per centum of the assessed value of the real and personal property subject to taxation in the county.

SAME.—*Pleading.*—*Injunction.*—In an action by a tax-payer of a county, to enjoin its board of commissioners from negotiating a proposed loan for the purpose of erecting county buildings, on the alleged ground that a former loan for the same purpose remains outstanding and unpaid, the complaint should aver that the aggregate of such loans exceeds one per centum of such assessed value.

From the Hamilton Circuit Court.

*S. H. Buskirk, J. W. Nichol, T. J. Kane* and *T. P. Davis,* for appellant.

*J. W. Evans* and *R. R. Stephenson,* for appellee.

BIDDLE, J.—Complaint by the appellee, against the appellant, as follows:

That the plaintiff is a resident and tax-payer of said county and State. That on the — day of ———, 1875, the defendant, under and pursuant to the act approved June 17th, 1852, and acts amendatory thereto, borrowed the sum of thirty-five thousand dollars, for the purpose of building a jail in said county, and issued the bonds of said county, in pursuance of said act, for said sum of money, the whole amount of which loan yet remains unpaid. That said board of commissioners are now convened in special session, and declare their purpose to be, to order on their records the issuing of other and additional bonds, for the purpose of putting them on the money market of the East, in order to secure another and additional loan of seventy-five thousand dollars, for the purpose of aiding in the construction of a court-house in said county. That said loan will be illegal, hurtful and oppressive to the plaintiff and other tax-payers; and that said board, unless restrained, will immediately make such order, authorizing the issuing of bonds, to effect said additional loan. That an emergency exists, etc. Prayer, that the board be enjoined from making such order authorizing said bonds, and from effecting said second loan, until the said first loan shall be paid.

To this complaint, the board of commissioners demurred, assigning as ground:

"1. That said complaint does not state facts sufficient to entitle the plaintiff to the relief prayed for.

"2. That said complaint does not state facts sufficient to constitute a cause of action."

The court overruled the demurrer, and granted the injunction as prayed. Exceptions were reserved—the appellant not wishing to further plead. Appeal.

The original section, authorizing loans for such purposes, is in the following words:

" Sec. 17. Whenever it shall be necessary to construct, complete or repair the court-house, jail, or other county building, or whenever it may be desirable to fund or average any existing debt incurred for county purposes, and the revenues afforded by reasonable taxation are insufficient to do the same, the county commissioners may borrow for that purpose any sum of money not exceeding ten thousand dollars, and issue bonds therefor, in amounts of not less than twenty-five dollars each, and bearing a rate of interest not exceeding the legal rate in the state or territory where the same are negotiated." 1 R. S. 1852, p. 227.

The section as amended is as follows:

" Sec. 17. Whenever it shall be necessary to construct, complete or repair the court-house, jail, or other county buildings, or whenever it may be desirable to fund or average any existing debt incurred for county purposes, and the revenues afforded by reasonable taxation are insufficient to do the same, the county commissioners may borrow, for that purpose, any sum of money not exceeding one per centum on the assessed valuation of the real and personal property of the county, and issue bonds therefor in amounts of not less than twenty-five dollars each, and bearing a rate of interest not exceeding the legal rate in the state or territory where the same are negotiated, not exceeding the rate of ten per centum per annum: *Provided*, that no second or subsequent loan shall be made or authorized by said commissioners, as above provided, so long as any former loan made under the provisions of this act shall remain unpaid." 3 Ind. Statutes, p. 131, sec. 17; and 1 R. S. 1876, p. 354, sec. 17.

Section 16 of the same statute enacts: " Such commissioners shall cause a court-house, jail, and public offices

for the clerk, recorder, treasurer, and auditor, to be erected and furnished," etc.

Section 17 provides the means by which they may perform the duty imposed upon them by section 16. The statute being enacted for the public interest, and the powers to be exercised under it being governmental, the whole act should receive a liberal construction, to carry out the purposes designed. And such powers, being wholly ministerial, can not, while they are exercised within the authority of law, be revised by a court of judicature. *English* v. *Smock*, 34 Ind. 115. As, in construing a statute, or, indeed, various statutes upon similar subjects, all the points must be made to harmonize as a whole, if possible; so, in construing a section with a proviso, they must be made to harmonize and support each other, if possible. The proviso must not be allowed to defeat the body of the section, nor the body of the section to override the proviso. Keeping these purposes in view, and following these well-settled rules of construing statutes, we think we shall be safely conducted to the true construction of section 17, under which the loan in controversy is desired to be obtained.

Comparing the amended section 17 with the original section, to which it is an amendment, it is plain that the intention of the amendment was to extend the power of effecting a loan, in its amount, from ten thousand dollars to one per cent. on the assessed valuation of the real and personal property of the county, and, having thus extended the power to increase the amount of loans, it seems just as plain that the proviso was intended, when the power was exercised up to its limits, to restrict the power of obtaining a subsequent loan, so long as such former loan remained unpaid. It would be too strict a construction to hold, that a previous loan, however inconsiderable it might be when compared to the amount which might be obtained within the power granted, should prevent a second or subsequent loan, however much needed

it might be, if both loans did not exceed the one per cent. on the assessed valuation of the taxable property of the county. Not only would such a construction embarrass and restrict the statute in its spirit and purpose, but the language in the body of the section will not warrant it. It is expressly provided, that, "whenever it may be desirable to fund or average any existing debt incurred for county purposes," the commissioners may borrow money for that purpose, etc. If they could not borrow money under any circumstances, while a former loan remained unpaid, they could not borrow money to fund or average any existing debt, because the "existing debt," if it was for a loan, would prevent it; and thus they would be unable to carry out one of the expressed powers granted in the body of the section. Such a construction would allow the proviso to defeat one of the main purposes designed to be reached by the body of the section. This result could not, surely, have been intended by the Legislature.

Without the proviso in the section, the commissioners might borrow at one loan an amount equal to one per cent. on the taxable property of the county, and at another loan another equal amount, before the first loan was paid; but, by the proviso, they are restricted in the sum of their loans, outstanding at the same time, to an amount not exceeding the one per cent. on the taxable property of the county.

In our opinion, a board of commissioners may, in their discretion, borrow money for the purposes expressed in section 17, at one or several loans, as long as the sum of the loans, outstanding at the same time, does not exceed the amount of one per cent. on the assessed value of the real and personal property of the county. It seems to us that this is the true construction of the section, to give it practical effect, and, at the same time, to protect the taxpayer from levies beyond one per cent on his taxable property for the purposes expressed in the section.

The complaint contains no averment in reference to the

assessed value of the real and personal property in Hamilton county.

For the want of an averment showing that the outstanding loan of thirty-five thousand dollars, with the amount of the loan sought to be enjoined, would amount to more than one per cent. on the assessed value of such taxable property, we think the complaint is defective.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.

Petition for a rehearing overruled.