Filed May 29, 1884.

--------

No. 10,219.

HOFFMAN v. BOARD OF COMMISSIONERS OF LAKE COUNTY.

COUNTY COMMISSIONERS.—*Voluntary Services.*—*Complaint.*—A paragraph of complaint against a county board, in the form of a common count for work and labor performed in preparing an index, is bad on demurrer unless it avers that the services were rendered on request.

SAME.—*Special Contract.*—*Indexing Records.*—The county board has power to contract for indexing the public records of the county, and such contract may be enforced.

From the Porter Circuit Court.

*J. B. Peterson* and *A. L. Jones*, for appellant.

ELLIOTT, C. J.—The appellant filed a claim before the board of commissioners of Lake county for services rendered in preparing a general index of the judgment dockets of the circuit and common pleas courts. The claim was not allowed, and he appealed to the Lake Circuit Court, and, by change of venue, the cause went to the Porter Circuit Court. In the latter court an amended complaint was filed, consisting of two paragraphs, to each of which a demurrer was sustained, and this ruling is assigned for error.

The first paragraph is a common count for work and labor performed for the county. This paragraph is bad, because it does not aver that the work was done at the request of the county or its authorized agents. For aught that appears, the services may have been voluntarily rendered, and it is a familiar rule that one can not make himself the creditor of another by volunteering to perform work for him. There are some exceptions to this general rule, but it fully and strongly applies to a case like this, where the work is done upon books which belong in an office not directly under the control of the officers charged with the duty of making contracts for the county.

The second paragraph alleges that at a regular session of the board of commissioners a contract was entered into with the appellant, wherein it was agreed that he should make, for the use of the circuit court and the citizens of the county, an index in which should be entered the names of all persons against whom judgment had been rendered in the common pleas and circuit courts, and that such index should be so arranged as that the letters of the names should appear, as the complaint terms it, " dictionarily." It is unnecessary to state any other of the allegations of the complaint, for the reason that the single question involved is, whether the board of commissioners had authority to make a contract for an index to the record, and we have stated enough of the complaint to present this question.

We say that the only question is, whether the board had

authority to make a contract for an index to the judgment records of the county, because we understand the rule to be inflexibly settled that where county or municipal officers have general power to enter into contracts, they are invested with discretionary powers as to the nature of the thing for which they contract. It is obvious that this must be the rule, since any other would result in the courts supplanting the discretion confided by law to other officers with its own, and this would result in courts assuming control of county and municipal affairs. Whether the index contracted for was such as was needed, or was the best for the county, was solely for the judgment of the board of commissioners, and if the board had authority to act at all, the judgment reached by it can not be reviewed by the courts. *Board, etc.*, v. *Cottingham,* 56 Ind. 559; *English* v. *Smock,* 34 Ind. 115 (7 Am. R. 215). If the law provides that a definite thing shall be contracted for, and prescribes the mode of contracting, then no discretion is vested in the county or municipal officers, and they must conform to the requirements of the law, but there are no such statutory provisions applicable to this case.

What we have said prepares the way for a discussion of the ruling question in the case, and to that we now proceed. The statute vests in the county commissioners very comprehensive powers over the business, property and affairs of the county. The Constitution provides that county commissioners may be invested with local administrative powers, and the statute invests them with authority over county property, business and affairs. R. S. 1881, sections 160 and 5745. In one of the early cases it was said: "In legal contemplation, the board of commissioners is the county. It has the care of the property of the county, as well as its supervision and management." *State* v. *Clark,* 4 Ind. 315. It was said in another case that "The board of commissioners have very full powers in reference to the affairs of their respective counties. * * They control the county property." *Board, etc.,* v. *Saunders,* 17 Ind. 437. This general doctrine is found in the cases

of *O'Boyle* v. *Shannon*, 80 Ind. 159, and *City of Terre Haute* v. *Terre Haute Water Works Co.*, 94 Ind. 305.

The Supreme Court of the United States, speaking on this general subject, said of the board of commissioners: "It is for all financial and ministerial purposes the county." *Levy Court* v. *Coroner*, 2 Wal. 501. There are many cases in other courts declaring a like doctrine. *State Bank* v. *Chapelle*, 40 Mich. 447; *Board, etc.*, v. *Bowen*, 4 Lans. (N. Y.) 24; *Shanklin* v. *Board, etc.*, 21 Ohio St. 575. It seems very clear from these authorities, that if the records do belong to the county the commissioners must have authority to place and keep them in such condition as shall make them useful to the citizens of the county; that the records do belong to the county can not well be doubted. It may be true that the county has no absolute property in the public records, but certainly the officers to whom, by the Constitution and the statute, local administrative powers are granted, must have authority to preserve these records, and keep them in such condition as shall make them subserve the purposes for which they were intended.

Judgments are liens on lands, and when entered of record impart notice to all persons. It is of great importance that indexes should be prepared with care, so that the work of examining for judgment liens may be conducted without danger of overlooking judgments or falling into errors. It should be held that securing an accurate index is a just exercise of the powers with which the commissioners are invested, for the power is exercised upon a subject in which the public interests of the county are involved, and is connected with the affairs and property of the county. In exercising such a power, the commissioners do not travel beyond the scope of their general duties, nor do they transcend their powers. On general principles the right of the commissioners to contract for an index to the judgment records of the county is clear, and there are authorities strongly supporting this proposition. In the case of *Garrett* v. *Board, etc.*, 92

Ind. 518, it was held that the recorder might supply indexes in cases where his predecessors had failed to make them, and that decision goes much further than we need do here.    The Supreme Court of Missouri, in the case of *Boggs* v. *Caldwell Co.*, 28 Mo. 586, decided that the county court, whose powers in this respect are very much like those of our county commissioners, had power to make contracts for indexes, and the court said:   " There can be no reasonable doubt, we think, that the county courts have the power to order an index to be made to the books of recorded deeds, and to allow a reasonable compensation for the work out of the county funds.  Although it is the duty of the recorders to keep up their indexes without any compensation from the county, and their compensation is provided by law to come from the persons having their deeds recorded, yet in the course of time it may happen that these books become unfit for use and have to be renewed.   The county court is specially intrusted with the duty of seeing to the preservation of any property belonging to the county, and they necessarily have the right of appropriating a sufficient sum from the county treasury to secure the proper execution of these duties."

We do not enquire what defences may be made against such a claim as that urged by the appellant, for the demurrer confesses that a contract was entered into and the work done under the contract received by the county, and this makes a *prima facie* case.   In *Nichols* v. *Howe*, 7 Ind. 506, it was held that " It will be presumed, where the contrary is not shown, that the board of commissioners, in the exercise of a discretionary power, did right."   We act upon this rule in the present instance, and hold that as the complaint shows that the board of commissioners exercised a discretionary power, it must be presumed, until some contrary showing is made, that it properly and justly exercised its power.

Judgment reversed, with instructions to overrule the demurrer to the second paragraph of the complaint.

Filed June 3, 1884.