[No. 5302. Decided March 24, 1905.]

JOHN L. DIRKS, *Appellant*, v. GEORGE H. COLLIN, *as Commissioner of Spokane County, et al.,*

*Respondents.*[1]

RECORDS—COUNTIES—ABSTRACTS OF TITLE—POWER TO EXPEND PUBLIC MONEY IN KEEPING TRACT INDICES. The legislature having prescribed a system of indices of public transfers, and made it the duty of county auditors to keep the same, the county commissioners have no authority to expend public money in keeping a different system of "tract indices," even when voluntarily done by the auditor's deputies, regardless of their public utility or the fact that money can be saved thereby, since the judgment of the legislature is paramount.

SAME—COUNTY AUDITORS—PUBLIC ABSTRACTERS. Bal. Code, §§ 417, 418, was not intended to make the county auditor a public abstracter to the extent of requiring him to make a complete list of all transfers affecting particular tracts, and the keeping of "tract indices" is not justified by said statute.

· COUNTIES—UNLAWFUL EXPENDITURE OF PUBLIC MONEY—INJURY TO TAXPAYER PRESUMED. It cannot be objected to a suit by a

1Reported in 79 Pac. 1112.

taxpayer to enjoin the unlawful expenditure of public money that he is not damaged for the reason that money is thereby saved to the county, since injury is conclusively presumed from the unlawful expenditure of public money.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered May 31, 1904, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to enjoin the keeping of tract indices by a county. Reversed.

*E. C. Macdonald,* for appellant, cited: *Snohomish Abstract Co. v. Anderson,* 9 Wash. 349, 37 Pac. 471; *Smith v. Lamping,* 27 Wash. 624, 68 Pac. 195; *Sturgeon v. Hampton,* 88 Mo. 203; *Alderson v. St. Charles County,* 6 Mo. App. 420; *Miller v. Sullivan,* 32 Wash. 115, 72 Pac. 1022.

*Horace Kimball* and *Miles Poindexter,* for respondents, cited: Mechem, Public Officers, §§ 741, 945; 23 Am. & Eng. Ency. Law (2d ed.), 364; 16 Id. 356, 357, 360; 10 Id. (1st ed.), 783, 802; *Rand, McNally & Co. v. Hartranft,* 29 Wash. 591, 70 Pac. 77.

MOUNT, C. J.—This action was brought by a taxpayer to enjoin the respondents, as county officers of Spokane county, from keeping in the auditor's office, at public expense, a set of books known as "Tract Indices," upon the ground that such books were not authorized by law. Upon the trial of the case, the court below found that the county auditor kept and maintained such a set of books at public expense, but also found that such books were a public utility, and that their abolishment would make more expense to the county than the maintenance of the books. The court therefore concluded that the maintenance of the tract indices is not an injury to the appellant, and dismissed the action. The appeal is from this order.

In the case of *Smith v. Lamping*, 27 Wash. 624, 68 Pac. 195, where a contract had been entered into by the board of county commissioners of King county for the preparation of tract indices, such as the ones kept by Spokane county now in question, we held that the county board had no authority to enter into such a contract, because the legislature had provided for the kind of indices to be kept by the county auditor in his office, and there was no authority for a different method to be prepared or kept at public expense. In the course of that opinion, speaking to this point, we said, at page 635:

"It is not reasonable to suppose that when the legislature so carefully described the system that should be followed by county auditors, and which should be uniform throughout the state, it at the same time intended to authorize county commissioners to expend large sums to maintain other and different systems. The fact that a certain mode or method has been expressly designated by the legislature we think excludes the idea that a different mode or method may be pursued. The legislature has not only prescribed the method, but has expressly made it the duty of the county auditor to follow it, and this we think negatives the idea that another method may be pursued at public expense by authority of the county commissioners. The new method may be more convenient and more in accordance with the enlightenment and enterprise of the times, but, until the legislature has authorized its adoption and conferred upon county commissioners the power to expend public money for that purpose, we think it must be held that it is beyond their power to so expend the county's funds."

We think that case is conclusive of the question presented on this appeal.

Counsel for respondents contend, however, that, under the provisions of Bal. Code, §§ 417 and 418, which are as follows:

"§ 417. The auditor must, upon the application of any person, and upon the payment or tender of the fees there-

for, make searches for conveyances, mortgages, and all other instruments, papers, or notices recorded or filed in his office, and furnish a certificate thereof stating the names of the parties to such instruments, papers, and notices, the dates thereof, the year, month, day, hour, and minute they were recorded or filed, the extent to which they purport to affect the property to which they relate, and the book and pages where they are recorded.

"§ 418. If any county auditor to whom an instrument, proved or acknowledged according to law, or any paper or notice which may by law be recorded, is delivered for record, . . . 4. Neglects or refuses to make the searches and to give the certificate required by this chapter; or if such searches or certificate are incomplete and defective in any important particular affecting the property in respect to which the search is requested; . . . He is liable to the party aggrieved for the amount of damage which may be occasioned thereby;"

the county auditor is a public abstracter, and that it is his duty to furnish abstracts of title on application, and that these tract indices are essential for that purpose. The same argument was made in the case of *Smith v. Lamping*, *supra*, but was not then noticed, because we said that, when the legislature adopted a system which should be followed, it excluded the idea that some other or better system might be adopted by the county officers. We think the sections above quoted were not intended to make the county auditors public abstracters, to the extent of requiring them to make a complete list of all liens and all transfers affecting particular pieces of land upon demand therefor; but rather were intended to require the auditor to search for certain instruments to which his attention is specifically directed by the applicant; and if such instruments are recorded or filed in his office, to certify as provided in § 417. Respondents seek to distinguish this case from *Smith v. Lamping*, by reason of the fact that the indices in this case

are already prepared and are in use, and by reason of the further fact that in the *Smith* case the county commissioners were proceeding to have the indices prepared over the objection and protest of the county auditor; while here the county auditor is caring for the indices voluntarily by his regularly appointed deputies. We think there is no merit in these distinctions, because we decided the *Smith* case upon the principle that the legislature had provided what indices should be kept by the county auditor and other county officers, and the judgment of the legislature is paramount upon the question.

Respondents further contend that the judgment should be affirmed, because the trial court found that appellant was not injured by the keeping of these tract indices, for the reason that the cost of maintaining them is less than the expense to the public would be if the indices were abolished. We cannot agree to this contention. It is conceded that it costs the county $30 per month to keep up these indices. We have held that they are not lawfully maintained by the county or its officers. It follows that the money expended therefor is being paid out unlawfully, and that the taxpayers are injured. It will not do to say to a public officer that, because much money is saved by spending a little unlawfully, therefore the public is not injured. Injury to the taxpayers is conclusively presumed from the unlawful expenditure of public money.

The judgment appealed from is reversed, and the cause remanded to the lower court, with instructions to grant the relief prayed for.

FULLERTON, HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.