(June 13, 1916.)

# JOHN REILLY, Appellant, v. THE BOARD OF COUNTY COMMISSIONERS OF LATAH COUNTY, Respondent.

[158 Pac. 322.]

APPEAL—MOTION TO DISMISS—BOARD OF COUNTY COMMISSIONERS—REAL ESTATE—TRACT INDEX—INDEX NOT PROVIDED FOR BY LAW—POWERS OF BOARD.

1. Where an appeal is taken from a judgment entered on an appeal from an order made by the board of county commissioners and the question presented is whether the board had the power to make such order under the law, it is not necessary for the appellant to bring to this court the evidence taken in the district court to show whether a necessity existed therefor or that it was to the best interest of the taxpayers of the county to have a certain real estate "Tract Index" made and kept up, since only a question of law is presented as to whether the board had authority under the law to make such order, regardless of whether or not a necessity existed therefor.

2. A motion to dismiss the appeal on the ground that the evidence was not brought up will be denied, where the court can fully determine the question raised on appeal without the evidence.

3. Under the constitution and law of this state, the county commissioners have no power or authority to require any index to be made and kept by the recorder at the expense of the county other than such as is authorized by law.

4. *Held*, under the provisions of sec. 1917, Rev. Codes, as amended by Sess. L. 1913, p. 506, the board has no power to provide for such a "tract index" as is required by said order of the board.

5. The legislature has provided by sec. 2063 and sec. 2064 what indexes the county recorder must keep, and the board of county commissioners has no authority to require the county recorder to keep any other indexes. If the board concludes that other indexes than those required by law are a necessity, they must apply for authority to install them to the legislature.

APPEAL from the District Court of the Second Judicial District for Latah County. Hon. Edgar C. Steele, Judge.

Appeal from an order of the board of county commissioners requiring certain real estate indexes to be prepared

and kept. Judgment sustaining the order of the board reversed.

G. W. Suppiger, for Appellant.

A board of county commissioners being created for special purposes can exercise only such powers as are conferred upon it by the constitution or statutes of the state, or such as arise by necessary implication from the express grant of the constitution or statute. (11 Cyc. 390; *Miller v. Smith,* 7 Ida. 204, 207, 61 Pac. 824; *Fremont County v. Brandon,* 6 Ida. 482, 56 Pac. 264; *Conger v. Latah County,* 5 Ida. 347; *Fenton v. Board of County Commrs.,* 20 Ida. 392, 119 Pac. 41; *Prothero v. Board of Commrs.,* 22 Ida. 598, 127 Pac. 175.)

It has no authority or power to incur the expense of other or different methods of keeping county indexes than those designated by the legislature, or to compel or require the county recorder to keep such other county indexes or different method of keeping county indexes, at the expense of the county. (*Smith v. Lamping,* 27 Wash. 624, 68 Pac. 195; *People v. Nash,* 62 N. Y. 484.)

The board of county commissioners has no power to devolve upon an appointee of their own the duties which the law has already fixed on another officer. (*Meller v. Board of Commrs. of Logan County,* 4 Ida. 44, 35 Pac. 712.)

The only indexes to be kept by the county recorder are designated by secs. 2063 and 2068, Rev. Codes.

Frank L. Moore, County Attorney, and J. H. Peterson, Attorney General, for Respondent, file no brief.

A. H. Oversmith, as *Amicus Curiae.*

It was never the intention of the legislature to frame the laws of the state so that such inferior legislative bodies could have no authority whatever except what was expressly granted them by the legislature.

This court, and others, have held that while there was no expressed authority to a board of county commissioners to employ an expert accountant to examine and audit the books

of a county, yet to do so was an implied power given the board under existing statutes. (*Prothero v. Board of Commrs.*, 22 Ida. 598, 127 Pac. 175; *Blades v. Hawkins*, 240 Mo. 187, Ann. Cas. 1913B, 1082, 112 S. W. 979, 144 S. W. 1198; *Conwell v. Village of Culdesac*, 13 Ida. 575, 92 Pac. 535; *Scollay v. County of Butte*, 67 Cal. 249, 7 Pac. 661; *Maxwell v. Supervisors of Stanislaus County*, 56 Cal. 114, 116; *City of Madison v. Daley*, 58 Fed. 751–755; *People v. El Dorado County Suprs.*, 8 Cal. 58; *Waugh v. Chauncey*, 13 Cal. 11.)

Subdivision 4 of sec. 1901, Rev. Codes, gives the board the power to "make such orders for the disposition or use of its property as the interests of its inhabitants require." And sec. 1917g, 1913 Sess. Laws, p. 507, gives the board the power "to . . . . preserve, take care of, manage and control the county property. . . . . "

The board has found and made an order concerning the property belonging to the county, and this order comes within the powers expressed in the two statutes cited. (*Boggs v. Caldwell County*, 28 Mo. 586; *Agua Pura Co. v. Mayor etc. of City of Las Vegas*, 10 N. M. 6, 60 Pac. 208, 50 L. R. A. 224.)

The board may adopt such means as shall be expedient in assisting county officers to properly discharge their duties. (*Wingate v. Clatsop County*, 71 Or. 94, 142 Pac. 561.)

SULLIVAN, C. J.—This is an appeal from the judgment of the district court rendered on an appeal from an order made by the board of county commissioners of Latah county, wherein it is declared that it is deemed to be to the best interest of the taxpayers of Latah county that a real estate "Tract Index" be installed in the county recorder's office, and kept up by the county recorder from and after August 1, 1915, and that a competent person be employed to bring such index up to August 1, 1915, from the organization of the county.

*In limine* we are met with a motion to dismiss this appeal, based on several grounds, to wit: (1) That it is "a sham

appeal," etc.; (2) No transcript of the evidence taken at the trial had in the lower court and no bill of exceptions based thereon had been prepared and filed in the supreme court; (3) That the stipulation of facts appearing in the transcript was signed by the attorneys for the respondent in the lower court without authority and against the advice of the county commissioners of Latah county; (4) That the facts contained in said stipulation are wholly fictitious, and that the same are not based upon the evidence taken and heard on the trial of said cause in the lower court; (5) That the records and files in said cause show that Latah county is the real party in interest as respondent, and that the county attorney of said county did not have any authority to stipulate as to the facts or the record in the appeal to this court.

In order to intelligently dispose of this motion, we must refer to some of the facts in the case. The county attorney and the attorney for the appellant stipulated the following facts:

"It is hereby stipulated, by and between the attorney for the appellant, John Reilly, and the attorney for the respondents, the Board of County Commissioners of Latah County, Idaho, that the index contemplated by the order of said board in the above-entitled matter is what is known as a 'Tract Index,' in which the various instruments of record affecting the title to real property are indexed under the head or description of the real property affected thereby, and if completed will constitute an index to the records of real estate by tracts, instead of by the names of the parties to instruments recorded, in manner substantially as follows, to wit:

"A separate and distinct division or page of said indexed book is set apart for each tract, lot, or subdivision of land in the county, and in each of said pages or divisions is entered, without regard to the alphabetical order of the names of the parties to the instruments, but in consecutive order every instrument affecting the title of such tract, lot, or subdivision of land as filed, the names of the parties to the instrument, the date of the instrument, and when recorded,

its .character, and the page and volume of the county records where recorded.

"That the testimony introduced at the trial in the district court shows that it would take not less than two nor more than six years to bring said 'Tract Index' up to August 1, 1915, and that it would cost not less than $2,000.00 nor more than $12,000.00 to bring the same up to August 1st, 1915.

"That prior to this time there have been kept, and there are now in the office of the county recorder of Latah county, all of the indices required to be kept and maintained by and under sections 2063 and 2068 of the Political Code, Revised Codes of the State of Idaho. That said indexes have been kept in, and are now in substantial books, conforming with Title 2, Chapter 3, Article 7, of the Political Code of Idaho, and the writing therein is legible and perfect in every particular, and is in no danger of becoming illegible, and that there is kept in the office of the County Assessor of Latah County, a 'Plat Book' showing the 'Present ownership' as required by the provisions of the statutes of Idaho, relating to revenue and taxation, and that said plat book and plats therein are in the condition the assessor is required to keep them in the performance of his duties in assessing real estate within Latah county.

"That pursuant to said order of the Board of County Commissioners, the Recorder of Latah County, Idaho, through his deputies has kept up and maintained a 'Tract Index' as contemplated in said order, by noting therein all transfers of real property made and filed in said recorder's office, since the said first day of August, 1915, and that the same has been so kept up by the said County Recorder and his deputies employed in the office.

"Dated this 8 day of December, 1915."

But it is contended by the attorney who appears as *amicus curiae* that such stipulated facts are not true, and he presents to this court in his brief and in his affidavit on motion to dismiss certain other facts, the substance of which is that for several years there has been a great deal of complaint made by the taxpayers and citizens of Latah county as to the

methods used in indexing instruments affecting real estate filed and recorded in the office of the county recorder of Latah county; that the manner of indexing records of such county has been a matter of public interest for several years, and was under consideration by the board for several months prior to the making of the order appealed from; that various persons had appeared before the board asking that an order be made by the board to provide some form of indexing the real estate records in said county; that the matter finally culminated by the board's making the order complained of, which order is as follows:

"In the matter of bringing up a complete tract index of all Real Property in Latah County. After full discussion and investigation of this subject, and it being deemed for the best interest of all taxpayers and holders of real property in Latah County that said tract index be installed and started, and that all back indexing be brought up to the starting date of said index; also that said index is considered by this Board to be required, as an index for use as assessment purposes in determining the present ownership of all Real Property of Latah County, and other general information to be acquired through said Tract Index of value in assessing and equalizing taxes; therefore it is at this time ordered that said tract index be started by the County Recorder and kept up by said Recorder's office from and after August 1st, 1915; also that one competent person be employed by this Board to work under the supervision of the County Recorder, and Board of County Commissioners, said person to start with the first records of Latah County, affecting Real Property, and bring said indexes up to said August 1st, 1915; the person so employed to meet with the approval of the Board of County Commissioners and to receive as compensation for services rendered the sum of $4.00 per day; it being understood that said party so employed shall work from eight o'clock in the morning until five in the afternoon, or eight full hours for each and every day that claim is made for, and that steady and diligent work will be required, and the board

will reserve the right to cancel this order at any time, or to order a change in the person so employed.''

Said order was made on July 26, 1915, and the appellant Reilly on the 12th day of August, 1915, took an appeal from said order to the district court. Thereafter said cause was tried by the district court, and it is stated in appellant's brief that ''at such trial the respondent herein introduced evidence in support of the order showing the necessity for making such order and the reason why such order was made and also showing the operation of a 'Tract Index' system such as ordered by the board.''

After hearing the evidence and duly considering the case, said district court affirmed said order of the board and thereafter said Reilly appealed from that judgment of the district court.

It further appears that at the trial in the district court the county attorney of Latah county appeared as the attorney for the board, and at such hearing and upon argument had before the court said attorney took the position that the order of the board was illegal and void, and it is claimed for that reason the board was not represented by an attorney, since the county attorney had advised the board from the outset that such an order would be in violation of the law. After the appeal to the supreme court was taken, the county attorney, acting for the respondent board and the attorney for appellant, entered into the stipulation of facts above set forth. Thereafter the board of county commissioners demanded of the county attorney that said stipulation of facts be withdrawn and that the appellant be required to obtain a full transcript of the evidence taken on the trial in the district court, and on the 9th day of December, 1915, said attorney refused to withdraw such stipulation.

As we view it, it was not necessary to bring up on this appeal the evidence taken before the district court; that it was not necessary to a determination of the question involved here that the appellant should be required to go to the expense of procuring such testimony from the court reporter, for in case the judgment should be reversed, either the county com-

missioners as individuals or the taxpayers of the county would be required to pay for such transcript, and thus create an unnecessary expense. And since the only question presented on this appeal is whether the board of county commissioners had the authority under the law to expend from two thousand to twelve thousand dollars of the taxpayers' money to procure such an index as was required to be made by said order of the board, and since that can be fully determined from the record without a transcript of the evidence, the motion to dismiss must be denied.

The question to be determined on the merits of the case is: Had the board of county commissioners authority under the law to make said order and thus expend from $2,000 to $12,000 of the taxpayers' money?

Counsel who appears as a friend of the court seems to lay particular stress upon the fact that there was a great *necessity* existing for the making of said tract index, and the order of the board states that it is to the best interest of all the taxpayers and holders of real property that said tract index be installed and started.

If the question of necessity were a controlling question in this case, then appellant would have been required to bring the evidence to this court on his appeal, had he claimed that the evidence was not sufficient to show the necessity. But he makes no such claim here, his contention being that the law does not authorize the board of county commissioners to install such a tract index even though there is a necessity for it. It is conceded that the tract index provided for by said order of the board is not specially provided for by statute.

It is clear to us that under the laws of this state a board of county commissioners has no power or authority to require any index to be made and kept by the recorder at the expense of the county other than such as is authorized expressly or by implication by either the constitution or the statutes. (*Conger v. Board of County Commrs.*, 5 Ida. 347, 48 Pac. 1064; *Fremont County v. Brandon*, 6 Ida. 482, 56 Pac. 264; *Fenton v. Board of County Commrs.*, 20 Ida. 392, 119 Pac. 41.) Nor has it power or authority to hire or employ any

deputy or clerical assistance except in the manner authorized by sec. 2119, Rev. Codes, as amended. It is clear that since the legislature has prescribed what indexes must be kept by the county recorder and the manner in which they shall be kept, neither the board of county commissioners nor the recorder can at the expense of the county install, keep or make any other or different index. Therefore, unless authority to install such index is found in sec. 1917, Rev. Codes, as amended by Sess. L. 1913, p. 506, the board has no power to order such tract index installed.

Upon an examination of that section and the amendments thereto, we find no such authority there given. It was the intention of the legislature to have in each county a complete index to deed records, and it was evidently intended to require the same kind of indexes to be kept in each county of the state and thus have uniformity throughout the state. The legislature has also prescribed the manner in which the index is to be kept. The recorder is not required to keep any index not provided for by law. While the board of county commissioners is given, by the provisions of said sec. 1917, the power to supervise the official conduct of all county officers, the board is not authorized to require the county recorder to keep an index such as is not required by law to be kept by him.

It was held in *People v. Nash*, 62 N. Y. 484, which case involved the indexing of certain county records, that the subject of indexing such books was regulated by statute which prescribes the manner in which indexes shall be made, places the duty of making them upon the county clerk, and provides for his compensation for so doing; and it was there held that the board of supervisors had no power to change the method of indexing such books nor to transfer the duty and power of making indexes from the county clerk to any other person.

It was held in *Smith v. Lamping*, 27 Wash. 624, 68 Pac. 195 (199), that it was not reasonable to suppose that when the legislature so carefully described the system that should be followed by county auditors, which system should be uni-

form throughout the state, it at the same time intended to authorize county commissioners to expend large sums of money to maintain other and different systems of indexing or keeping the records, and said:

"The fact that a certain mode or method has been expressly designated by the legislature, we think excludes the idea that a different mode or method may be pursued. The legislature has not only prescribed the method, but has expressly made it the duty of the county auditor to follow it, and this, we think, negatives the idea that another method may be pursued at public expense by authority of the county commissioners. The new method may be more convenient and more in accordance with the enlightenment and enterprise of the times, but, until the legislature has authorized its adoption and conferred upon county commissioners the power to expend public money for that purpose, we think it must be held that it is beyond their power to so expend the county's funds. The powers of the county commissioners are derived from the state, and they are limited and defined by law."

We think the above-quoted suggestions from the supreme court of Washington are applicable to this case, and since the legislature in this state has expressly designated the mode or method of keeping such indexes, the idea that a different mode or method may be pursued by the recorder is excluded. While we might concede that the method sought to be pursued by the county commissioners in the case at bar is more convenient and more in accordance with the enlightenment and enterprise of these progressive days, yet the county commissioners have no authority to adopt it until they are authorized to do so by legislative enactment. It is suggested that the county recorder is not required by law to keep such a tract index, or any other kind of index except those prescribed by art. 7, chap. 3, title 11, of the Political Code, and he may not install or keep at public expense the tract index provided for by said order, either upon his own initiative or upon the order of the board of county commissioners.

We think this contention is correct. The county commissioners may deem it to the best interest of all taxpayers and holders of real estate in Latah county that a tract index be installed, and also that such index be considered by the board necessary as an index for use for assessment purposes in determining the ownership of all real property in said county. However, the people themselves, speaking through the legislature, have determined that question by prescribing what indexes shall be used for assessment purposes in determining the present ownership of real estate in said county, and also how general information shall be gathered from the county records, and as we view it, the board has no power or authority to use or provide at the expense of the county other means for any of those purposes. If it is concluded that some other method of keeping indexes is better suited for the present purposes of the people of the state, application should be made to the legislature to make such change, since the board of county commissioners or the county recorder may not do so at public expense without being first authorized by the legislature. (*Smith v. Lamping,* 27 Wash. 624, 68 Pac. 195; *Dirks v. Collin,* 37 Wash. 620, 79 Pac. 1112; *Leonard v. St. Clair,* 27 Ida. 568, 149 Pac. 1058.)

Counsel who appeared as a friend of the court, in closing his brief, states as follows: "It is only necessary to add that if the evidence heard by the lower court was before this court, the extreme necessity for the order of the board of county commissioners would be very apparent to the judges of this court."

The very reason why this court has concluded that it is not necessary to have such evidence before this court is that it makes no difference whether such evidence does show the extreme necessity of keeping a different index from that provided by statute or not. It would be proper to present such "extreme necessity" to the legislature and have it amend the statute requiring a tract index, as contemplated by said order, to be kept by every county recorder in the state, and providing for bringing such a tract index up to the present time. The board and the trial court concluded that it was to the

best interest of all the taxpayers to have such tract index made and kept up. But supposing the board of county commissioners succeeding the present board should conclude that it was not to the best interest of the taxpayers to keep such indexes, then the county's money would have been expended for naught. But if the legislature provides by law for such indexes to be kept by every county recorder in the state, then we will have uniform real estate indexes throughout the state.

We therefore conclude that the judgment of the trial court must be reversed, and it is so ordered, and the cause is remanded to the district court with direction to overrule and set aside said order of the board, and enter judgment accordingly. Costs are awarded to the appellant.

Budge and Morgan, JJ., concur.