FISHER,   APPELLANT,   v.   STILLWATER   COUNTY,
RESPONDENT.

(No.  6,202.)

(Submitted October 24, 1927.  Decided November 28, 1927.)

[261 Pac. 607.]

*County Commissioners—Member Directed by Board to Inspect
Work on Highways—Compensation.*

County Commissioners—Member Directed by Board to Inspect Work on
Highways Entitled to Compensation Provided by Statute.
1.  *Held,* that under section 1632, Revised Codes 1921, when a
member of the board of county commissioners is directed by the
board to inspect work proposed or in progress within the county
upon highways or bridges, he is entitled to the per diem pre-
scribed therein.

Same—Powers—Mode of Exercise not Prescribed—Method Discretionary
With Board.
2.  Under the rule that whenever a power is conferred upon a
board of county commissioners, but the mode in which the author-
ity is to be exercised is not indicated, the board in its discretion
may select any appropriate method or course of procedure, it may,
in the absence of specific direction in section 1632, supra, in that
behalf, appoint one of its members orally or otherwise to inspect
highway or bridge construction.

[1]   Counties, 15 **C. J.,** sec. 100, p. 454, n. 11.
[2]   Counties, 15 **C. J.,** sec. 107, p. 460, n. 1, 7.

*Appeal from District Court, Stillwater County; H. J. Miller,
Judge.*

ACTION by C. W. Fisher against Stillwater County.  From
the judgment, plaintiff appeals.  Reversed and remanded, with
directions to enter judgment for plaintiff.

*Messrs. Brown & Jones* and *Mr. M. L. Parcells,* for Appel-
lant, submitted a brief and one in reply to that of Respondent;
*Mr. Parcells* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. C. N. Davidson,*
Assistant Attorney General, submitted a brief; *Mr. Davidson*
argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

Upon issue joined this cause was tried before a jury and resulted in a verdict and judgment in favor of the plaintiff for $348, with interest thereon at eight per cent from August 5, 1924. By his complaint the plaintiff sought recovery of $696, or double the amount allowed him by the verdict. At the close of all of the evidence both parties moved the court for a directed verdict, which motions were denied. The plaintiff moved for a new trial, which was likewise refused, and the plaintiff is now before this court on an appeal from the judgment.

The determinative question presented is, whether the plaintiff as a member of the board of county commissioners is entitled to a per diem allowance for the inspection of work being done on public highways within the county in their construction and maintenance.

It appears that the plaintiff, while serving as a member of the board of county commissioners of Stillwater county, and as such member, performed services for the county in the inspection of roads and bridges in the course of repair and construction, between April 1, 1924, and October 27, 1924. On December 9, 1915, the board of county commissioners at a regular meeting adopted the following resolution: "On motion duly made and seconded, Stillwater county is divided into three road districts described as follows: District No. I: That part of Stillwater county lying north of township line between township 1 and 2 north. District No. II: That part of Stillwater county lying north of Yellowstone river and south of township line 1 and 2 north. District No. III: That part of Stillwater county lying south of Yellowstone river," and same constitutes a part of the written minutes of the board as of that date. The same division of road districts in the county was recognized during the period of time covered by the plaintiff's claim for services, district No. III having been assigned to the plaintiff "to supervise and inspect all kinds of road

work, bridges, and culverts'' during the time he held such office. In addition, he was at different times given specific instructions by the board, as shown by its minutes, as follows: "First: February 6, 1924, Commissioner C. W. Fisher was instructed to inspect roads around Fishtail, Stillwater, and Peltons. Second: March 5, 1924, Commissioner C. W. Fisher was instructed to inspect ruads around Fishtail, Stillwater, and Peltons. Third: April 10, 1924, Commissioner C. W. Fisher was instructed to inspect roads around Nitsche's, Columbus, Stillwater, Nye, Dean, and Fiddler Creek. Fourth: May 7, 1924, Commissioner C. W. Fisher was instructed to inspect roads around Nitsche's, Columbus, Fiddler Creek, and Absarokee. Fifth: August 8, 1924, Commissioner C. W. Fisher was instructed to inspect roads around Reed Point, Fishtail, Park City, Duck Creek, Dean, Nye, and other roads. Sixth: September 4, 1924, Commissioner C. W. Fisher was instructed to inspect roads.'' .

The plaintiff testified: "It was necessary to have such inspection work done by some member or members of the board of county commissioners prior to payment of the bills presented to the board for the doing of such work by the laborers or contractors doing same. After receiving verbal instructions from the members of the board of county commissioners and by resolution of that body, I did make inspections of the roads and bridges within Stillwater county, on which work was being performed on and between the dates heretofore mentioned. The county of Stillwater received the benefits of the inspection work which I performed. I think the work was in better shape than if no inspection had been made, and the board of county commissioners had the benefit of knowledge acquired by my inspections when passing upon the bills presented for payment of the men doing the work on the several jobs. There were three crews of from three to ten or twelve men each employed on or between these dates in road and bridge construction work within that part of Stillwater county inspected by me individually. They were paid wages from day to day.''

Clarence Hicks, county surveyor, testified: "I made inspection of the public highways of Stillwater county during the year 1924 with the county commissioner, C. W. Fisher. I have compared the dates mentioned by Mr. Fisher as of inspection trips made, and I believe they are approximately correct. On some of these dates Mr. Fisher and I would inspect construction work. Also, I would be notified of a bridge in dangerous condition, or a road, and I would proceed to Absarokee, locate Mr. Fisher, and in conjunction with him we would go out and make an inspection. That was necessary before authorization of the work itself could take place. That work was performed in the district of Stillwater county being looked after by Mr. Fisher for inspecting purposes. It was the same quality or character of work or inspection as was being done by the other commissioners in their respective districts of Stillwater county. The board of county commissioners paid the bill for the construction of roads. It was necessary to have inspection of the roads and work made to determine the correctness of the bills presented before allowing or paying them. I made some of the inspections in conjunction with the county commissioner for their respective districts, and the commissioners themselves made inspections. Sometimes the supervisors and sometimes [by] the commissioners o.k.'d the bills for construction work."

The proof is without conflict to the effect that the plaintiff performed eighty-seven days' work in the inspection of roads and bridges, for which he claims as a charge against the county the sum of $8 per day, or a total of $696. If the plaintiff is entitled to compensation at all, it would seem that he is entitled to the amount allowed by law for the number of days he was actually engaged in the work.

The statute provides: "The board of county commissioners [1] may direct the county surveyor, or some member or members of said board, to inspect the condition of any proposed highway or highways or work on any highway or bridge in the county during the progress of the work, and before payment therefor, and such member or members of said board shall

receive for making said inspection the sum of eight dollars per day and actual expenses, and the county surveyor shall receive for making such inspection when directed, and for all other work performed for the county under the direction of the board of county commissioners, the sum of eight dollars per day and actual expenses, which shall be audited and allowed in the same manner as any other claims against the county." (Sec. 1632, Rev. Codes 1921.)

There is nothing for the court to do other than to apply the language of the statute to the admitted facts. The statute is plain in its terms and easy of application, and thereby the county is made liable for inspection work regularly performed by a member of the board of county commissioners on highways or bridges within the county "during the progress of the work." The language employed embraces work proposed or in progress within the county, and therefore the charges made by the plaintiff are authorized by the law and he is entitled to payment at the rate of per diem prescribed by the statute. (*State* v. *Story,* 53 Mont. 573, 165 Pac. 748.)

The manifest purpose of authorized inspection of such work by a member of the board of county commissioners is so that the board may have direct contact with the work and from information obtained from its member representative be in position to intelligently pass on claims presented against the county for that character of work. At any rate the law authorizes such expenditures, and upon the facts the plaintiff is entitled to the compensation prescribed. It is a general [2] rule that whenever a power is conferred upon the board of county commissioners, but the mode in which the authority is to be exercised is not indicated, the board in its discretion may select any appropriate mode or course of procedure. (*Morse* v. *Granite County,* 44 Mont. 78, 119 Pac. 286; *Franzke* v. *Fergus County,* 76 Mont. 150, 245 Pac. 962.) And here the methods employed by the board in the employment of the plaintiff were adequate to show the board's intention to exercise the authority conferred upon it. There being no dispute

respecting the character of the services rendered by the plaintiff, or the number of days he was actually employed, the judgment is reversed and the cause remanded to the district court of Stillwater county, with directions to enter judgment in favor of the plaintiff for the full amount of his demand, together with interest at the legal rate from August 4, 1924, the date he presented his claim for payment.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and MATTHEWS concur.